Copy 1989 opp to pet

FILED

2003 OCT 20  P 1: 03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN MILNER and HEIDI CANNON,

      Plaintiffs,

V.                             CIVIL NO. 3:02CV01929(SRU)

LESTER DUNCKLEE, ET AL.

      Defendants.                OCTOBER 17, 2003

## DEFENDANT STATE MARSHAL LESTER DUNCKLEE'S OPPOSITION TO PLAINTIFFS' PETITION TO FILE AN INTERLOCUTORY APPEAL

Defendant State Marshal Lester Duncklee ("Duncklee") objects to the plaintiffs' petition for permission to file an interlocutory appeal on the grounds that the matters that the plaintiffs seek to appeal are not final judgments as required by 28 U.S.C. § 1291, nor are they properly appealable under 28 U.S.C. § 1292(b).

### I.    BACKGROUND

This action arises from a complaint filed by the plaintiffs against State Marshal Duncklee and two police officers as a result of alleged actions taken by the defendants in serving a capias upon Mr. Milner at the plaintiffs' residence. The plaintiffs allege violations of the Fourth and Fourteenth Amendments of the United States Constitution and civil rights violations pursuant to 42 U.S.C. § 1983, as well as state law claims for false arrest, false imprisonment, false representation, trespass and intentional infliction of emotional distress. On September 15, 2003, this Court dismissed the false arrest, false imprisonment, and intentional infliction of emotional distress claims (the "dismissed claims"). In addition, the Court denied the defendants' assertion of qualified immunity as to the remaining claims, permitting the plaintiffs to continue their case.

The plaintiffs filed a petition for permission to file an interlocutory appeal as to the dismissed claims on September 26, 2003, citing 28 U.S.C. § 1292(b) as authority.[1]

## II.     ARGUMENT

Historically, federal policy has sought to avoid piecemeal appeals, generally requiring entry of a final judgment before permitting a party to seek appellate intervention.  Cullen v. Mariotta, 811 F.2d 698, 710 (2d Cir. 1987).  Interlocutory appeals are permitted only in exceptional cases, as they otherwise threaten district court proceedings "with delay, adding costs and diminishing coherence."  Johnson v. Jones, 515 U.S. 304, 309 (1995).  In this case, the plaintiffs' attempt to obtain interlocutory appeal fails because the dismissed claims do not qualify as final orders for purposes of 28 U.S.C. § 1291, nor do they meet the qualifications of 28 U.S.C. § 1292(b).

### A.     The dismissed claims do not satisfy the final judgment rule of 28 U.S.C. § 1291.

Plaintiffs' attempt at interlocutory appeal of the dismissed claims fails under 28 U.S.C. § 1291, since the Court's order was not final.  In addition, there is no reason for the Court to exercise its discretion to certify a partial final order as to the dismissed claims.

The courts of appeals have jurisdiction over appeals from all final decisions of the district courts of the United States.  28 U.S.C. § 1291.  A "final" decision or order is one that "conclusively determines the pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision."  Citizens Accord, Inc. v. Town of Rochester, 235

---

[1] Although the plaintiffs' petition sets forth a "Questions Presented" section, plaintiffs state in their "Claims for Relief" section that they seek to have the District Court's rulings dismissing the claims of intentional infliction of emotional distress, false arrest and false imprisonment overturned.  Since the "Questions Presented" portion appears to relate primarily to the dismissed claims, Defendants respond only to plaintiffs' request for interlocutory appeal for those matters, and not to the individual questions presented in plaintiffs' petition.

F.3d 126, 128 (2d Cir. 2000).  An order that adjudicates fewer than all of the claims remaining in

the action is not a final order under 28 U.S.C. § 1291.  Id.;  See also Betancourt v. Giuliani, 30

Fed. Appx. 11, 12 (2d Cir. 2002)(dismissing interlocutory appeal of summary judgment because

there remained an unresolved claim in the district court).  In this case, the Court's order did not

conclusively determine all pending claims, as the litigation is ongoing as to the other claims

asserted by the plaintiffs.  Claims pertaining to alleged violations of the Fourth and Fourteenth

Amendments of the United States Constitution, alleged civil rights violations pursuant to 42

U.S.C. § 1983 and state law claims for trespass and false representation remain pending in the

case.

Further, there is insufficient justification for the Court to exercise its discretion under

Federal Rule of Civil Procedure 54(b) to order the entry of a final partial judgment on the

dismissed claims.  When more than one claim for relief is presented in an action, the court may

certify the entry of a final judgment as to one or more of the claims upon an express

determination that there is no just reason for delay and upon an express direction for the entry of

judgment.  Fed. R. Civ. P. 54(b).

Certification under Rule 54(b) should be exercised sparingly, only "in the infrequent

harsh case" where a significant danger of injustice through delay can be alleviated only by

immediate appeal.  Citizens Accord, 235 F.3d at 129.  Furthermore, "the interrelationship of the

dismissed and surviving claims is generally a reason for not granting a Rule 54(b) certification."

Hogan v. Consolidated Rail Corp., 961 F.2d 1021, 1026 (2d Cir. 1992)(ruling the district court's

certification to be an abuse of discretion where there would be no unusual hardship in requiring

the plaintiffs to appeal after disposition of the entire case).  In this case, there is a significant

- 3 -

interrelationship between the dismissed and surviving claims.  During oral argument on the

motions to dismiss, the plaintiffs acknowledged that the factual allegations asserted in the

dismissed claims were identical to those set forth in the remaining claims—that the defendant

entered their home without proper justification.  In addition, there is no unusual hardship or

injustice in requiring the plaintiffs to appeal the decision to dismiss their claims until after final

resolution of the entire case.

     Since the order dismissing some of the plaintiffs' claims was not final and certification

under Rule 54(b) is not appropriate, plaintiffs are not entitled to interlocutory appeal under 28

U.S.C. § 1291.

**B.**     <u>**Discretionary appeal under 28 U.S.C. 1292(b) is not warranted.**</u>

     In addition, the plaintiffs' reliance on 28 U.S.C. § 1292(b) in seeking interlocutory appeal

is without merit, as they cannot bind the dismissed claims to the immediately appealable issue of

qualified immunity.  While State Marshal Duncklee agrees that the Court's denial of his

qualified immunity defense is immediately appealable under 28 U.S.C. § 1292(b), the dismissed

claims do not qualify for such review.

     28 U.S.C. § 1292(b) allows interlocutory appeals at the discretion of the District Court

and Court of Appeals when an order involves a controlling question of law, the immediate appeal

of which may materially advance the ultimate termination of the litigation.  In general, the

critical requirement is that the appeal must have "the potential for substantially accelerating the

disposition of the litigation."  <u>In re The Duplan Corp.</u>, 591 F.2d 139, 148 n.11 (2d Cir. 1978).

Routine resort to § 1292(b) "would hardly comport with Congress' design to reserve

interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm

final judgment rule." <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 73 (1996). Plaintiffs are seeking interlocutory appeal only as to the dismissed claims, the appeal of which will not materially advance the ultimate termination of the litigation. Regardless of the ruling on such an appeal, the litigation will proceed unaffected due to the remaining claims. As such, there is no basis for a discretionary appeal of the dismissed claims under 28 U.S.C. § 1292(b).

In addition, there is simply no support for the proposition that, because one order in a case is subject to interlocutory appeal, all other orders may automatically be appealed as well. Plaintiffs rely on the Court's decision "concerning dismissal of the qualified immunity defense" as justification for seeking appeal under 28 U.S.C. § 1292(b). (<u>See Pls.' Pet.</u> at 3.) While the ruling as to State Marshal Dunklee's qualified immunity status gives rise to such an appeal, plaintiffs' petition is unrelated to that ruling.[2] Plaintiffs are seeking interlocutory appeal only as to the dismissed claims. The ruling on the defendant's qualified immunity has no bearing on whether the dismissed claims warrant discretionary appeal.

Since the dismissed claims provide no independent basis for discretionary appeal and there is no justification for linking the appeal of the dismissed claims to a separate, unrelated matter, the plaintiffs' petition must be denied as to 28 U.S.C. § 1292(b).

---

[2] The policy behind allowing an immediate appeal of a denial of a qualified immunity defense is that the defense is a shield not only to liability but to having to defend a suit at all. Thus, waiting for the end of a case to resolve the issue on appeal would effectively eliminate the benefit of the doctrine.

III.    **CONCLUSION**

For the foregoing reasons, State Marshal Lester Duncklee requests that the Court deny

the plaintiffs' Petition for Permission to File Interlocutory Appeal.


                                        DEFENDANT,
                                        LESTER DUNCKLEE


                                   By _____

                                        Rhonda J. Tobin
                                        Fed. Bar No.:  07755
                                        David S. Samuels
                                        Fed. Bar No.:  24460
                                        Robinson & Cole LLP
                                        280 Trumbull Street
                                        Hartford, CT 06103-3597
                                        Tel. No.: (860) 275-8200
                                        Fax No.: (860) 275-8299
                                        E-mail: rtobin@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 17th

day of October, 2003, to the following:

Mr. Steven Milner, pro se
Ms Heidi Cannon, pro se
40 Trolley Crossing
PO Box 25
Stonington, CT 06378

Scott M. Karsten, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119-1544


_____
Rhonda J. Tobin