UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN MILNER and HEIDI CANNON,    :
                                   :
    Plaintiffs,                    :
                                   :
vs.                                :    CIVIL NO. 3:02CV01929 (SRU)
                                   :
LESTER DUNCKLEE, ET AL.,           :
                                   :
    Defendants.                    :    NOVEMBER 16, 2004

## AFFIDAVIT OF ATTORNEY DAVID S. SAMUELS

Personally appeared David S. Samuels, Esq. who being duly sworn, deposes and says:

1. I am over eighteen years of age and believe in the obligations of an oath. I am an attorney with Robinson & Cole LLP, and represent the Defendant in the above entitled action.

2. On February 11, 2003, I filed my appearance in the above entitled case on behalf of the Defendant, Lester Duncklee.

3. My appearance was filed in addition to Attorney Rhonda Tobin's appearance already previously filed with this Court.

4. On July 26, 2004, there was a telephone conference for the purposes of the required 26(f) Planning Report.

5. Attorney Rhonda Tobin participated in the conference call. Attorney Tobin, after the call, advised me that all parties agreed that we would consolidate and prepare the 26(f) Report after the plaintiffs and the Mr. Karsten, on behalf of the other defendants, forwarded their respective portions of the Report.

6. Shortly thereafter, we received Mr. Milner's version of the 26(f) Report.

7. Mr. Karsten did not forward his portion of the Report.

8. On or about August 19, 2004, I contacted Mr. Karsten and requested his respective portion for the Report. We discussed the applicable deadline for filing the Report.

HART1-1218591-1

9. On September 7, 2004, after not having his information, I sent written correspondence requesting his information. The correspondence is attached as Exhibit A.

10. On September 20, 2004, and on or about October 19, 2004, I left additional messages for Mr. Karsten.

11. I have now consolidated Mr. Milner's information with ours and prepared a 26(f) Report. It does not include Mr. Karsten's portion as we do not have his portion for the Report. The 26(f) Report has been updated to include appropriate deadlines. It is attached as Exhibit B.

David S. Samuels

Subscribed and sworn to before me

this 16th day of November, 2004.

Notary Public/Commissioner of the Superior Court
My Commission Expires: 12/31/08

MARY ANN ZUP
NOTARY PUBLIC
MY COMMISSION EXPIRES DEC. 31, 2008

Exhibit A

# ROBINSON & COLE LLP

DAVID S. SAMUELS

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
dsamuels@rc.com
Direct (860) 275-8334

September 7, 2004

Scott M. Karsten, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119-1544

Re: **Duncklee**

Dear Attorney Karsten:

    As we discussed last week, the 26f Report in the matter referenced above needs to be filed. It is now past due.

    Please forward your portion so that we can complete the report and file it as soon as possible.

Very truly yours,

David S. Samuels

DSS/mz



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

www.rc.com

HART1-1203889-1

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN MILNER and HEIDI CANNON,      :
                                     :
    Plaintiffs,                      :
V.                                   :    CIVIL NO. 3:02CV01929(SRU)
                                     :
LESTER DUNCKLEE, ET AL.              :
                                     :
    Defendants.                      :    NOVEMBER 16, 2004


**RULE 26 (f) REPORT OF PARTIES PLANNING MEETING**

Date Complaint Filed:  **December 23, 2002 (Amended Complaint)**

Date of Defendant **Lester Duncklee**          Appearance: **January 8, 2002.**

Date of Defendant **Bryan Schneider**          Appearance: **January 13, 2002.**

Date of Defendant **Michael Peckham**          Appearance: **January 13, 2002.**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on July 26, 2004. The participants were: Steven Milner for the Plaintiffs, Attorney Rhonda Tobin for defendant Lester Duncklee and Attorney Scott Karsten for defendants Bryan Schneider and Micheal Peckham.

I.   **CERTIFICATION**

Undersigned counsel and pro se parties certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.

HART1-1217145-1

## II. JURISDICTION

### A. Subject matter Jurisdiction:

This matter currently involves a Federal Question in connection with Plaintiffs' claims against defendants.

### B. Personal Jurisdiction:

Not contested.

## III. BRIEF DESCRIPTION OF CASE

### A. Plaintiff Claims:

Plaintiffs have alleged that State Marshal Duncklee and police officers Schneider and Peckham violated Plaintiffs' constitutional rights and are liable for state law violations of false representation, and trespass. Defendant Duncklee was attempting to serve a capias on Plaintiff Milner and was assisted by the defendant police officers in effectuating the service. Plaintiffs claim that the defendants forced entry into the Plaintiffs' home and violated Plaintiffs' due process rights.

### B. Defenses and Claims of Defendant:

Defendant Duncklee denies the material allegations of the Plaintiffs' complaint that he violated Plaintiffs' Federal and State Constitutional rights. Defendant Duncklee also denies Plaintiffs' allegations that he committed false representation, and trespass.

## IV. STATEMENT OF UNDISPUTED FACTS:

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties agree that the following material facts are not in dispute at this time.

- Defendant Duncklee was authorized as a State Marshal to serve a civil capias on Plaintiff Milner;

- Defendant Dunkley requested assistance from Defendants Schneider and Peckham to serve the capias;

- Defendants entered Plaintiffs' home to serve the capias; and

- Defendant Duncklee served the capias upon Plaintiff Milner and transported him to a correctional institution as dictated by the applicable statutes.

## V. CASE MANAGEMENT PLAN:

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

### B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking discovery. Settlement is unlikely at this time, but may be enhanced after discovery.

2. The parties do not request an early settlement conference.

3. If one is to be had, the parties prefer a settlement conference with the presiding judge or a magistrate.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**E. Joinder of Parties and Amendment of Pleadings**

1. Plaintiffs should be allowed until **July 22, 2005** to file motions to join additional parties and until **August 1, 2005** to file motions to amend the pleadings.

2. Defendant Lester Duncklee should be allowed until **August 22, 2005** to file motions to join additional parties and until **September 9, 2005** to file a response to the complaint.

**F. Discovery**

1. The parties anticipate that discovery will be needed on the following subjects:

   a. Police officer training concerning civil process, a civil capias, and assistance provided by officers to State Marshals;

   b. Police officer qualifications and training;

   c. State Marshal training concerning civil process, including civil capias;

   d. Events concerning and surrounding the September 30, 2002, whereby Plaintiff Milner was served the civil capias; and,

   e. the nature of and basis for Plaintiffs' claims that they suffered damages resulting from any conduct of Defendants.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **December 1, 2004** and completed by **July 11, 2005**.

3. Discovery will be conducted in phases: fact discovery followed by expert discovery, as set forth below.

4. Discovery will be completed by **July 11, 2005**.

4

5.  The parties anticipate that Plaintiff will require a total of **(5)** depositions of fact witnesses. Defendant Duncklee will require a total of total of **(8)** depositions of fact witnesses pertaining to plaintiffs. The depositions will commence on or before **December 1, 2004**, and be completed by **July 11, 2005**.

6.  Plaintiffs may request permission to serve more than (25) interrogatories.

7.  Plaintiffs intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before **April 22, 2005**. Depositions of any such experts will be completed not later than **June 20, 2005**.

8.  Defendant Duncklee may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 23, 2005. Depositions of such experts will be completed by **July 11, 2005**.

**G. Dispositive Motions**:

Dispositive motions will be filed on or before **September 5, 2005**.

**H. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed **November 14, 2005.**

## VI. TRIAL READINESS

The case will be ready for trial by **April 16, 2006.**

The undersigned counsel, and pro se parties agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

DEFENDANT,
LESTER DUNCKLEE

_____  Date: 11/16/04

**Rhonda J. Tobin, Esq. (ct 07755)**
**David S. Samuels, Esq. (ct 24460)**
**Robinson & Cole LLP**
**280 Trumbull Street**
**Hartford, CT  06103**
**Tel. No. (860) 275-8200**

6

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 16th day of November, 2004, to the following:

Mr. Steven Milner, pro se
Ms Heidi Cannon, pro se
40 Trolley Crossing
PO Box 25
Stonington, CT 06378

Scott M. Karsten, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119-1544

_____
David S. Samuels