- During the incident between the marshal and Ms. Cannon in the front foyer, Mr. Milner was working in the basement and heard all of the verbal exchange between Ms. Cannon and the marshal, with her repeated attempt to stop he and the police officers from entering the house.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Ms. Cannon was not aware that Mr. Milner was at home.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Mr. Milner proceeded to come upstairs through his garage and arrived in the front foyer and asked the police officers, "what's going on?" The police officers did not respond.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Instead one officer called the marshal downstairs.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

### Claim II.

- The herein named defendants, Duncklee, Schneider, Peckham have violated the herein named plaintiff, Steven Milner's right under the Fourteenth Amendment to the U.S. Constitution to liberty without due process of law, and equal protection under the law.

**ANSWER:**

    **Denied.**

### Supporting Facts:

- On September 30, 2002, at approximately 9:20 p.m., State Marhsall Duncklee and Stonington Police Officers Schneider and Peckham arrived at Mr. Milner's residence, 40 Trolley Crossing, Stonington, CT to serve Mr. Milner a writ of capias.

**ANSWER:**

    **Admitted insofar as Duncklee arrived at 40 Trolley Crossway, Stonington, CT to serve a civil arrest capias warrant.**

- During the process as stated in Claim I of this Complaint, the marshal and officers forcibly entered his home whereby Mr. Milner was taken into custody inside his home and subsequently incarcerated at Corrigan Correctional Facility in Montville, CT without proper authority and without proper warrant.

**ANSWER:**

    **Denied.**

### Claim III.

- The herein named defendants, Duncklee, Schneider, and Peckham have violated the herein named plaintiffs, Steven Milner's and Heidi Cannon's, civil rights under Federal Law 42 USC 1983, by their actions as stated in Claim, I, Claim II, and Claim III of this Amended Complaint.

**ANSWER:**

    **Duncklee denies the allegations in Claim III to the extent that this claim has not been dismissed.**

### Supporting Facts:

- Mr. Milner was illegally incarcerated at Corrigan Correctional Facility on September 30, 2002 due to the actions of the defendants as stated in Claim I and Claim II of this complaint.

12

**ANSWER:**

**Denied.**

- During that incarceration, Mr. Milner was injected with serum for a TB test against his refusal to be tested and against his will.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Said tests were conducted without sterile conditions, without gloves by the attendant, and without pre-packaged sterile needles.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- The attendant told Mr. Milner repeatedly that "you have no choice". Mr. Milner only submitted to the test under duress and threat of being forced by other corrections officers to testing.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Due to the actions of the herein named defendants, Mr. Milner lives with the stress, fear, and pain of the possible contraction of hepatitis, HIV, or Aids during his lifetime.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Due to the actions of the herein named defendants, Ms. Cannon is forced to live with the stress and fear of Her and her finance's possible contraction of hepatitis, HIV, and Aids.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Due to the actions of the herein named defendants, Ms. Cannon had to seek medical attention on October 2, 2002 at Seaport Medical Clinic, Stonington, CT for premature vaginal bleeding. Ms. Cannon was stabilized and referred to her OB-GYN Doctor Ann Jillson, Norwich, CT.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Dr. Jillson informed Ms. Cannon that her premature bleeding was due to emotional stress.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Ms. Cannon informed Dr. Jillson of her stressful situation, whereby Dr. Jillson confirmed Ms. Cannon's condition was related to that stressful situation.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Ms. Cannon's condition lasted for two weeks after the incident described above.

**ANSWER:**

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Both Mr. Milner and Ms. Cannon live in fear in their own home of answering their own door.

## ANSWER:

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

- Both live in a state of paranoia of officers unjustly and illegally breaking into their home.

## ANSWER:

**Duncklee has insufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegation set forth in this paragraph and, therefore, neither admits nor denies the allegation, but leaves plaintiffs to their proof.**

## Claim IV.

- The herein named defendants, Duncklee, Schneider, and Pechham have violated the herein named plaintiffs Steven Milner's and Heidi Cannon's rights under Connecticut Tort Law for False Imprisonment, False Arrest, Trespass, and False Representation, by their actions as stated in Claim I, II, and II of this Amended Complaint.

## ANSWER:

**Duncklee avers that the Claims of False Imprisonment and False Arrest have been dismissed, and, therefore, no response is required. Duncklee denies the remainder of the claim insofar as it is directed at him.**

## Supporting Facts:

- Ms. Cannon was deceived by defendant Duncklee's false representation that he had an 'arrest warrant' as stated in Claim I, when he confronted her at her front door.

## ANSWER:

15

**Denied.**

- Defendants Duncklee, Schneider and Peckham entered her home, against her vehement communication to them not to enter, as stated in Claim I.

**ANSWER:**

**Denied.**

- When Mr. Milner confronted the defendants as stated in Claim I, whereby defendant Duncklee stated to him that he had a 'warrant for his arrest' and defendants Schneider and Peckham ensured that representation by denying Mr. Milner's liberty and seizing him within his home.

**ANSWER:**

**Denied.**

- As a result of the actions of the defendants, Mr. Milner was arrested and incarcerated at Corrigan Correctional Facility in Montville, CT.

**ANSWER:**

**Denied.**

## Claim V.

- The herein named defendants, Duncklee, Schneider and Peckham intentionally inflicted emotional distress on the herein named plaintiffs, Milner and Cannon, by their actions as stated in Claims I, II, III and IV of this Amended Complaint. The defendants knew or should have known that their actions would cause severe emotional distress. The defendants acted in bad faith, their acts were outrageous and extreme, and uncivilized. Intentional Infliction of Emotional Distress is a violation of Connecticut Common Law.

**ANSWER:**

**Duncklee does not respond to this claim as it has been dismissed by the Court.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs' complaint, or specific counts thereof, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The actions and conduct of Duncklee, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which Duncklee was aware, and he is therefore entitled to qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

The actions and conduct of Duncklee did not violate any clearly established constitutional or federal statutory right of which Duncklee reasonably should have been aware, and he is therefore entitled to qualified immunity.

DEFENDANT,
LESTER DUNCKLEE

By: _____
Rhonda J. Tobin, Esq. (ct 07755)
David S. Samuels, Esq. (ct 24460)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103
Tel. No. (860) 275-8200

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 25th day of January, 2005, to the following:

Mr. Steven Milner, pro se
Ms Heidi Cannon, pro se
40 Trolley Crossing
PO Box 25
Stonington, CT 06378

Scott M. Karsten, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119-1544

David S. Samuels