UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN MILNER and HEIDI CANNON,  :
: 
    Plaintiffs, :
V. :   CIVIL NO. 3:02CV01929(SRU)
:
LESTER DUNCKLEE, ET AL. :
:
    Defendants. :   JANUARY 31, 2005

## RULE 26 (f) REPORT OF PARTIES PLANNING MEETING

Date Complaint Filed: **December 23, 2002 (Amended Complaint)**

Date of Defendant **Lester Duncklee**      Appearance: **January 8, 2002.**

Date of Defendant **Bryan Schneider**      Appearance: **January 13, 2002.**

Date of Defendant **Michael Peckham**      Appearance: **January 13, 2002.**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on July 26, 2004. The participants were: Steven Milner for the Plaintiffs, Attorney Rhonda Tobin for defendant Lester Duncklee and Attorney Scott Karsten for defendants Bryan Schneider and Micheal Peckham.

**I.    CERTIFICATION**

Undersigned counsel and pro se parties certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.

HART1-1217145-3

## II. JURISDICTION

### A. Subject matter Jurisdiction:

This matter currently involves a Federal Question in connection with Plaintiffs' claims against defendants.

### B. Personal Jurisdiction:

Not contested.

## III. BRIEF DESCRIPTION OF CASE

### A. Plaintiff Claims:

Plaintiffs have alleged that State Marshal Duncklee and police officers Schneider and Peckham violated Plaintiffs' constitutional rights and are liable for state law violations of false representation, and trespass. Defendant Duncklee was attempting to serve a capias on Plaintiff Milner and was assisted by the defendant police officers in effectuating the service. Plaintiffs claim that the defendants forced entry into the Plaintiffs' home and violated Plaintiffs' <u>due process</u> rights as to search and seizure, and obtaining a warrant.

### B. Defenses and Claims of Defendants:

Defendant Duncklee denies the material allegations of the Plaintiffs' complaint that he violated Plaintiffs' Federal and State Constitutional rights. Defendant Duncklee also denies Plaintiffs' allegations that he committed false representation, and trespass.

Defendants Schneider and Peckham deny the material allegations of the Plaintiffs' complaint. Additionally, Defendants Duncklee, Schneider, and Peckham assert the affirmative defense of Qualified Immunity.

IV. **STATEMENT OF UNDISPUTED FACTS**:

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties agree that the following material facts are not in dispute at this time.

- Defendant Duncklee was authorized as a State Marshal to serve a civil capias on Plaintiff Milner;

- Defendant Dunkley requested assistance from Defendants Schneider and Peckham to serve the capias;

- Defendants entered Plaintiffs' home to serve the capias; and

- Defendant Duncklee served the capias upon Plaintiff Milner and transported him to a correctional institution.

V. **CASE MANAGEMENT PLAN**:

**A. Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

**B. Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C. Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking discovery. Settlement is unlikely at this time, but may be enhanced after discovery.

2. The parties do not request an early settlement conference.

3. If one is to be had, the parties prefer a settlement conference with the presiding judge or a magistrate.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties and Amendment of Pleadings**

*Plaintiffs desire the following schedule:*

1. Plaintiffs should be allowed until **July 22, 2005** to file motions to join additional parties and until **August 1, 2005** to file motions to amend the pleadings.

2. Defendants should be allowed until **August 22, 2005** to file motions to join additional parties and until **September 9, 2005** to file a response to the complaint.

*Defendants do not agree to this schedule. Defendants propose the following schedule:*

1. Both Plaintiffs and Defendants should not be permitted to join additional parties or amend the pleadings after January 25, 2005.

**E. Discovery**

1.  The parties anticipate that discovery will be needed on the following subjects:

 a. Police officer training concerning civil process, a civil capias, and assistance provided by officers to State Marshals;

 b. Police officer qualifications and training;

 c. State Marshal training concerning civil process, including civil capias;

 d. Events concerning and surrounding the September 30, 2002, whereby Plaintiff Milner was served the civil capias; and,

4

      e.      the nature of and basis for Plaintiffs' claims that they suffered damages resulting from any conduct of Defendants.

2.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **December 1, 2004** and completed by **July 11, 2005**.

3.      Discovery will be conducted in phases: fact discovery followed by expert discovery, as set forth below.

4.      Discovery will be completed by **July 11, 2005**.

5.      The parties anticipate that Plaintiff will require a total of **(5)** depositions of fact witnesses. Defendant Duncklee will require a total of total of **(8)** depositions of fact witnesses pertaining to plaintiffs. Defendants Schneider and Peckham will require a total of (8) depositions of fact witnesses pertaining to Plaintiffs. The depositions will commence on or before **December 1, 2004**, and be completed by **July 11, 2005**.

6.      Plaintiffs may request permission to serve more than (25) interrogatories.

7.      Plaintiffs intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before **April 22, 2005**. Depositions of any such experts will be completed not later than **June 20, 2005**.

8.      Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 23, 2005. Depositions of such experts will be completed by **July 11, 2005**.

**F. Dispositive Motions**:

Dispositive motions will be filed on or before **September 5, 2005**.

**G. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed **November 14, 2005.**

## VI. TRIAL READINESS

The case will be ready for trial by **April 18, 2006**.

The undersigned counsel, and pro se parties agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

DEFENDANT,
LESTER DUNCKLEE

_____ Date: 1/31/05

**Rhonda J. Tobin, Esq. (ct 07755)**
**David S. Samuels, Esq. (ct 24460)**
**Robinson & Cole LLP**
**280 Trumbull Street**
**Hartford, CT 06103**
**Tel. No. (860) 275-8200**

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 31st day of

January, 2005, to the following:

Mr. Steven Milner, pro se
Ms Heidi Cannon, pro se
40 Trolley Crossing
PO Box 25
Stonington, CT 06378

Scott M. Karsten, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT 06119-1544

_____
David S. Samuels