UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN MILNER and | : | NO. 3:02CV-1929 (SRU) |
| HEIDI CANNON | : | |
|     *plaintiffs,* | : | |
| | : | |
| V. | : | |
| | : | |
| LESTER DUNCKLEE, *et al.*, | : | |
|     *defendants.* | : | SEPTEMBER 14, 2005 |

## MOTION TO QUASH

Pursuant to the provisions of Rule 45 of the Federal Rules of Civil Procedure, the undersigned respondent, Thomas E. Flaherty, Executive Director of the Connecticut Police Officers Standards and Training Council (POSTC), respectfully requests this Court to quash the attached subpoena for the following reasons:

    a. Copies of written exams, whether blank or completed by POSTC graduates during their studies at the Connecticut Police Academy, contain questions and answers which, if released, would compromise the integrity of the police training program in Connecticut; and

    b. The plaintiff has made no showing of relevance or need for the requested materials.

RESPONDENT
Thomas E. Flaherty

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By: __/s/_____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut  06105
Tel. (860) 808-5450
Federal bar #ct05129
E-mail: Stephen.Sarnoski@po.state.ct.us

**CERTIFICATION**

This is to certify that a copy of the foregoing Motion was mailed, first-class, postage pre-paid, to all pro se parties and/or counsel of record on this the _____ day of _____, _____.

Steven Milner
P.O. Box 25
Stonington, CT 06378

Heidi Cannon
8 Cutler Street
Stonington, CT 06378

David S. Samuels
Robinson & Cole
280 Trumbull St.
Hartford, CT 06103-3597

Jeffrey J. White
Robinson & Cole
280 Trumbull St.
Hartford, CT 06103-3597
Rhonda J. Tobin
Robinson & Cole
280 Trumbull St.
Hartford, CT 06103-3597

Scott M. Karsten
Karsten & Dorman, LLC
29 So. Main St.
West Hartford, CT 06107

    __/s/_____
    Stephen R. Sarnoski
    Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN MILNER and | : | NO. 3:02CV-1929 (SRU) |
| HEIDI CANNON | : | |
|     *plaintiffs,* | : | |
| | : | |
| V. | : | |
| | : | |
| LESTER DUNCKLEE, *et al.,* | : | |
|     *defendants.* | : | SEPTEMBER 14, 2005 |

## MEMORANDUM OF LAW
## IN SUPPORT OF
## MOTION TO QUASH

This is a motion to quash the attached subpoena for the reasons more fully explained in this memorandum of law. The Respondent, Thomas E. Flaherty, is the Executive Director of the Connecticut Police Officer Standards and Training Council. He is not a party to this lawsuit, and has no knowledge concerning the nature of the proceedings. He seeks to have the instant subpoena quashed for the reason that release of the requested documents would do irreparable harm to the basic police training program in Connecticut, and the plaintiffs have shown to relevance for the requested tests, nor have they shown a compelling need for their release.

## STANDARD OF REVIEW

The decision on whether or not to grant a motion to quash a subpoena for the testimony of a witness, as well as for the production of documents in his possession, rests within the sound discretion of the trial court. *See Gulley v. Orr*, 905 F.2d 1383 (10th Cir. 1990). The court does not abuse this discretion when it quashes a subpoena which seeks irrelevant or immaterial information. *U.S. v. Masat*, 948 F.2d 923 (5th Cir.), *rehearing denied*, 952 F.2d 402 (1991). Determinations of relevance and materiality are entrusted to the sound discretion of the trial

judge. *United States v. Caming*, 968 F.2d 232, 238 (2d Cir. 1992), *cert. denied*, ___ U.S. ___, 113 S.Ct. 416, 121 L.Ed.2d 339 (1992), *citing, United States v. Ebner*, 782 F.2d 1120, 1126 (2d Cir. 1986); *United States v. Sindona*, 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 302 (1981). The court may quash, modify or otherwise exercise its supervisory discretion over subpoenas to prevent wrongs before they occur. *In Re Grand Jury Proceedings*, 707 F.Supp. 1207 (D. Hawaii 1989).

In ruling on a motion to quash, the court is not limited to the remedy of quashing the subpoena, but may instead issue an appropriate protective order to remove its objectionable features. *Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115, 124 (6th Cir. 1984). Litigants may raise the same objections to a subpoena as they might to discovery. *See Jackson v. Brinker*, 147 F.R.D. 189 (S.D. Ind. 1993). Thus, the Court has broad authority to distinguish reasonable and productive uses of the discovery procedures from abusive invocations of such procedures and to design protective orders to curtail the latter. *Doe v. District of Columbia*, 697 F.2d 1115, 225 U.S. App. D.C. 225 (1983).

## ARGUMENT

**I.  THE DEPOSITIONS OF HIGH RANKING GOVERNMENT OFFICIALS AND THE PRODUCTION OF THEIR OFFICIAL RECORDS CANNOT BE COMPELLED BY SUBPOENA ABSENT A PREREQUISITE SHOWING OF NEED THEREFOR, AND PREJUDICE OR INJUSTICE IN THE ABSENCE THEREOF.**

It is well settled, as a general rule, that courts will not permit high-ranking government officials to be subjected to unfocused, overly broad attempts to conduct discovery at the expense of their public responsibilities. *See, e.g., In Re United States*, 985 F.2d 510 11th Cir. 1993); *Kyle Engineering Co. v. Klepec*, 600 F.2d 226, 236 (9th Cir. 1979); *Peoples v. U.S. Dept. of*

2

*Agriculture*, 427 F.2d 561, 567 (D.C. Cir. 1970). Exceptions to this general rule are made when the discovery is "essential to prevent prejudice or injustice to the party who would require it." *Wirtz v. Local 30, Int'l Union of Operating Engineers*, 34 F.R.D. 12, 14 (S.D.N.Y. 1983). The burden, however, is on the party conducting the discovery (or, in this case, issuing the subpoenas) to demonstrate the precise nature of the prejudice or injustice which makes the requested disclosure necessary. This is properly so because "[i]f the head of a government agency were subject to having his deposition taken concerning any litigation affecting his agency...we would find that the heads of government departments would be spending their time giving depositions and would have no time to perform their functions." *Capitol Vending Co. v. Baker*, 36 F.R.D. 45, 46 (D.D.C. 1964); *Sweeney v. Bond*, 669 F.2d 542, 546 (8th Cir.), *cert. denied, sub nom. Schenberg v. Bond*, 459 U.S. 878, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982) (Governor's qualified immunity protected him from deposition absent a showing by plaintiff of specific need); *California State Board of Pharmacy v. Superior Court*, 78 Cal. App. 3d 641, 644-45, 144 Cal. Rptr. 320, 322-23 (1978) (quashing a subpoena for the State Attorney General absent a clear demonstration of necessity and injustice). "It would be oppressive and vexatious to require the head of a governmental agency to submit to an interrogation that might last for several hours and that would, of course, disturb government business." *Capitol Vending Co. v. Baker*, 36 F.R.D. at 416.

      Here, the *pro se* plaintiffs have asked for the release of written exams from the Connecticut Police Academy for Bryan Schneider and Michael Peckham. In addition, the plaintiffs have asked for a blank copy of written exams used for all police candidates. The

3

plaintiffs have made no representation concerning why there is a need for the release of these documents.

It is the policy and practice of the Connecticut Police Academy to maintain the confidentiality of the requested documents. Recruits who take examinations are allowed to review the results of their work. However, the hard copies of all examinations taken by recruits are maintained at the Connecticut Police Academy. Recruits are not permitted to leave the premises with either blank or completed copies of examination materials. The purpose of this policy is to ensure the integrity of the testing process. If copies of examination booklets were permitted to leave the premises, the questions and answers would soon find their way into the hands of prospective recruits. The materials could then be used to undermine the integrity of the testing process for police recruits.

The requested materials are protected from disclosure under the Connecticut Freedom of Information Act. *See* Connecticut General Statutes § 1-210(b).[1] The exemption so provided is an absolute exemption applicable not only to examinations to be given in the future, but also to examinations already given. *See Town of Glastonbury v. Freedom of Information Commission,* 39 Conn. Supp. 257, 476 A.2d 1090 (1984). The same rule should be applied in the discovery process of the instant case. Absent a compelling need for the requested materials, the instant subpoena should be denied.

---

[1] Connecticut General Statutes § 1-210 entitled "Access to public records. Exempt records," provides in relevant part as follows:

> (b) Nothing in the Freedom of Information Act [FN1] shall be construed to require disclosure of … (6) Test questions, scoring keys and other examination data used to administer a licensing examination, examination for employment or academic examinations ….

The respondent is amenable to providing copies of the requested documents to the Court under seal for *in camera* inspections to determine if anything contained therein might be relevant to the issues in this case. In the unlikely event that relevance and a compelling need is demonstrated, the disclosure of the test questions and answers should be subjected to an order requiring that (1) the documents be held under seal, used only as required for the prosecution or defense of the instant litigation, and returned to the Connecticut Police Academy upon the conclusion of the case.

## **CONCLUSION**

For all of the foregoing reasons, the undersigned Respondent respectfully requests this Court to quash the attached subpoena.

>
> RESPONDENT
> Thomas E. Flaherty
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL
>
>
> By: __/s/_____
> Stephen R. Sarnoski
> Assistant Attorney General
> MacKenzie Hall
> 110 Sherman Street
> Hartford, Connecticut  06105
> Tel. (860) 808-5450
> Federal bar #ct05129
> E-mail: Stephen.Sarnoski@po.state.ct.us

## CERTIFICATION

       This is to certify that a copy of the foregoing Motion was mailed, first-class, postage pre-paid, to all pro se parties and/or counsel of record on this the _____ day of _____, _____.

    Steven Milner
    P.O. Box 25
    Stonington, CT 06378

    Heidi Cannon
    8 Cutler Street
    Stonington, CT 06378

    David S. Samuels
    Robinson & Cole
    280 Trumbull St.
    Hartford, CT 06103-3597

    Jeffrey J. White
    Robinson & Cole
    280 Trumbull St.
    Hartford, CT 06103-3597
    Rhonda J. Tobin
    Robinson & Cole
    280 Trumbull St.
    Hartford, CT 06103-3597

    Scott M. Karsten
    Karsten & Dorman, LLC
    29 So. Main St.
    West Hartford, CT 06107

                                                                   __/s/_____
                                                                   Stephen R. Sarnoski
                                                                   Assistant Attorney General