UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN MILNER, and HEIDI CANNON,   :  NO. 3:02CV01929(SRU)
    Plaintiffs.

vs.

LESTER DUNCKLEE, ET AL.,           :  SEPTEMBER 16, 2005
    Defendants.

### OBJECTION TO PLAINTIFFS' MOTIONS FOR AN EXTENSION OF TIME AND LEAVE TO FILE ADDITIONAL DISCOVERY REQUESTS

Under date of September 10, 2005, plaintiff Steven Milner moved this Court to extend by sixty days the scheduling order in this matter.  Plaintiff Milner also requested leave to file at least an additional twenty-five interrogatories and production requests (it is unclear from plaintiff's motion to whom those discovery requests are to be directed).  Defendants Schneider and Peckham hereby object to both of plaintiff's motions.

Plaintiff's motions can fairly be characterized as somewhat murky.  His motion for leave to file additional discovery requests appears to request an opportunity to serve an additional 25 such requests on all the defendants and his former co-plaintiff, Heidi Cannon.  However, plaintiff merely asserts that "additional discovery is required".  There is no other

ground advanced for why additional discovery is required as to the defendants.  As to the co-plaintiff, the only asserted ground is that there is a pending dissolution of marriage action, and plaintiff Cannon is supposedly a hostile witness.

In his motion for extension of time, plaintiff requests an additional sixty days to complete discovery, despite the fact that the scheduling order in this matter (as extended) expired on August 11, 2005.  Supposedly, plaintiff Milner has suddenly discovered that he requires additional time to "subpoena state agencies" to obtain information which had not been available to him from the defendants.  The stated reason, that he ascertained through depositions that the defendants "were not in possession of production requests or information to complete discovery", to the extent that it is at all intelligible, appears merely to assert that plaintiff did not complete discovery during the allotted time period.  This is not the required showing of good cause for an extension of the scheduling order, especially this far past its expiration date.

It is the intention of defendants in this matter to file dispositive motions within the time contemplated by the

scheduling order.  Should plaintiff Milner be unable to oppose those motions as a result of incomplete discovery, and if he can demonstrate a particular, identifiable need for information in order to mount such an opposition, he may then elect to submit the required affidavit and motion pursuant to Federal Rule of Civil Procedure 56(f).  In the absence of such a particularized showing, however, plaintiff has failed to demonstrate any genuine need for an extension of the scheduling order at this time.

WHEREFORE, defendants Schneider and Peckham oppose plaintiff Milner's motions for leave to file additional discovery requests and for an extension of time, and request that said motions be denied.

DEFENDANTS, BRYAN SCHNEIDER
AND MICHAEL PECKHAM


BY_____
Scott M. Karsten
Federal Bar No.: ct05277
Karsten & Dorman, LLC
29 South Main Street
West Hartford, CT 06107

- 3 -

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 16th day of September, 2005, to the following counsel of record or pro se parties:

Mr. Steven Milner, *pro se*
40 Trolley Crossing
P.O. Box 25
Stonington, CT  06378

Rhonda Tobin, Esquire
Robinson & Cole, LLP
One Commercial Plaza
Hartford, CT 06103-3597


_____
Scott M. Karsten