UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2005 SEP 21  A 11: 42

U.S. DISTRICT COURT
BRIDGEPORT, CONN

STEVEN MILNER, ET AL        :    3:02CV1929 (SRU)

V.                          :

LESTER DUNCKLEE, ET AL      :    SEPTEMBER 19, 2005

### OBJECTION TO MOTION TO QUASH

INTRODUCTION

Plaintiff Milner held depositions on August 29, 2005 deposing police officer defendants Schneider and Peckham. Said defendant's answers during their depositions were evasive, answered in bad faith, and required additional discovery that was not provided by these defendants through the plaintiff's production requests. Therefore, Plaintiff Milner served a subpoena on the Connecticut Police Officers Standards and Training Counsel (POSTC), requesting written exams of these defendants not provided and additional information in anticipation of these defendant's defense of qualified immunity. On September 14, 2005, Stephen R. Sarnoski, AAG for the State of Connecticut filed with this court a Motion To Quash the plaintiff's subpoena with supporting memorandum of law.

ARGUMENT

Plaintiff Milner disagrees with the AAG's (Assistant Attorney General) position that these defendants are "High Ranking Government Officials". (mem. pg 2) The defendants Schneider and Peckham are lower level police officers that have obtained no rank in their department. Furthermore, it appears by their depositions, that they have not

1

advanced since their employment began with the Stonington Police Department.

Cases cited by the AAG in his memorandum deal with officials that are "heads" of government. Furthermore, he cites cases concerning State Governors. This is hardly parallel with the case at bar, of two lower level police officers. This court should not consider the reliance of case law set forth in the AAG's memorandum in support of Motion to Quash.

REASON FOR OBTAINING REQUESTED DOCUMENTS

The documents requested by the plaintiff's subpoena are copies of written exams taken by these police officer defendants to ascertain their knowledge of Constitutional law, the distinction between a civil capias and an arrest warrant, and the Connecticut General Statutes. Also a copy of a blank exam, to determine if in fact candidates are being trained concerning Constitutional law, capiases, and the related General Statutes. It is clearly apparent by the depositions of these defendant police officers, that either training is lacking or that their answers were evasive and given in bad faith. The required documents are the only source of information available to the plaintiff to determine the training of these officers. Without the requested documents, the plaintiff's case is prejudiced, and defenseless against the defendant's claim of qualified immunity.

CONFIDENTIALITY

The AAG sets forth a claim of confidentiality concerning exam results (Mem. pg 4). Stating it is the "policy and practice" of the Police Academy to maintain confidentiality of the requested documents. However, he cites no authority supporting said "policy and practice".

The plaintiff has a clear understanding of why the Academy would not want their exams circulated. The plaintiff's purpose is **not** to "undermine the integrity of the testing process". The purpose is singular, for the prosecution and defense of the present action only. The plaintiff would not and will not disseminate any materials obtained for the purpose other than why the documents were obtained.

CONCLUSION

The plaintiff agrees, in part, to the statements made by the AAG (mem. pg. 5). The plaintiff would agree that the requested documents by subject to the following:

1. Documents to be held by the court under seal.
2. Documents to be subject to in camera inspection.
3. Documents to be used in prosecution and defense of the present action.
4. Documents to be viewed by the plaintiff prior to trial without copies being produced.
5. Documents returned to the Police Academy upon conclusion of the present case.

WHEREFORE; the plaintiff respectfully requests the AAG's Motion to Quash the plaintiff's subpoena be Denied and an order be entered similar to the conditions set forth above.

THE PLAINTIFF

*[signature]*

STEVEN MILNER
PO BOX 25
STONINGTON, CT 06378
860-599-2930

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed postage paid on September 19, 2005, to the following:

Heidi Cannon
8 Cutler St.
Stonington, CT 06378

Scott Karsten
29 S. Main St.
W. Hartford, CT 06107

Rhonda Tobin
Robinson and Cole
280 Trumbull St.
Hartford, CT 06103

Stephen Sarnoski, AAG
MacKenzie Hall
110 Sherman St.
Hartford, CT 06105

*[signature]*

STEVEN MILNER