**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2005 SEP 22 P 12: 03

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| STEVEN MILNER and HEIDI CANNON, : | |
| : | |
| Plaintiffs, : | |
| V. : | CIVIL NO. 3:02CV01929(SRU) |
| : | |
| LESTER DUNCKLEE, ET AL. : | |
| : | |
| Defendants. : | September 22, 2005 |

### DEFENDANT LESTER DUNCKLEE'S JOINT MEMORANDUM IN REPLY TO PLAINTIFF'S OBJECTION TO STIPULATION TO DISMISS AND IN SUPPORT OF DUNCKLEE'S OBJECTION TO MOTION TO SET ASIDE DISMISSAL

The defendant, Lester Duncklee ("Duncklee"), submits this joint memorandum in response to Plaintiff Steven Milner's ("Milner") attempts to set aside the stipulation of dismissal that was entered into by Plaintiff Heidi Cannon ("Cannon") and the Defendants, Dunklee, Brian Schneider and Michael Peckham (collectively referred to as "defendants"). Because Plaintiff Milner has set forth no legitimate basis to prevent Plaintiff Cannon from entering into such a stipulation, this objection should be denied.

**I.   BACKGROUND**

The facts surrounding this stipulation of dismissal are straightforward. Plaintiffs Milner and Cannon initiated the present action against the defendants on October 30, 2002. On August 4, 2005, Plaintiff Cannon and the defendants "stipulate[d] that this case may be dismissed as to all parties with prejudice and without costs or fees awarded to any party." (See Exhibit A, attached to Objection To Stipulation To Dismiss.) The stipulation was filed with the Court on September 8, 2005. Plaintiff Milner's action remains pending before this Court.

**ORAL ARGUMENT REQUESTED**

## II. ARGUMENT

In an effort to block a legally binding agreement entered into by Cannon and the defendants, Plaintiff Milner has filed two different pleadings that have no basis in law or fact: Objection to Stipulation To Dismiss and Motion To Set Aside Dismissal. It is well established that a plaintiff may stipulate to the dismissal of her lawsuit without interference from another co-plaintiff. See Fed. R. Civ. P. § 41(a)(1)(ii); 8-41 Moore's Federal Practice – Civil § 41-21(3)(b)("[u]nder the same rationale authorizing the dismissal of fewer than all defendants . . . courts have held that Rule 41(a) permits fewer than all plaintiffs to withdraw from an action") citing Laverpool v. New York City Transit Auth., 760 F. Supp. 1046, 1053-1054 (E.D.N.Y. 1991).

Plaintiff Milner has not offered any valid reasoning as to why this stipulation should not be enforced. Rather, Milner sets forth a host of irrelevant and scurrilous allegations including that "plaintiff Cannon has falsified her testimony, has altered her set of facts to facilitate dismissal, and has implicated plaintiff Milner as the sole initiator of this action." (Objection, at 1.) Plaintiff has also summarily alleged that the dismissal was obtained by "fraud," without providing any support for these allegations. These unsubstantiated allegations, however, do not provide any basis to prevent Cannon from exercising her undisputed right to stipulate to the dismissal of her action.

## III. CONCLUSION

The defendant, Lester Duncklee, respectfully requests that the Court deny Plaintiff Steven Milner's Objection To Stipulation To Dismiss and Motion To Set Aside Dismissal.

DEFENDANT,
LESTER DUNCKLEE

_____
Rhonda J. Tobin (ct07755)
rtobin@rc.com
Jeffrey J. White (ct25781)
jwhite@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103
Tel. No. (860) 275-8200
Fax No. (860) 275-8299

3

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 22nd day of September, 2005, to:

Mr. Steven Milner, pro se
40 Trolley Crossing
PO Box 25
Stonington, CT 06378

Scott M. Karsten
Karsten & Dorman, LLC
29 South Main Street, 2nd Floor South
P.O. Box 270722
West Hartford, CT 06107

_____
Jeffrey J. White