UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN MILNER

V.

LESTER DUNCKLEE, ET AL

2006 JAN 34  02cv1929  (SRU)

U.S. DISTRICT COURT

: JANUARY 20, 2006

### PLAINTIFF'S MOTION FOR
### SUMMARY JUDGMENT

Pursuant to F.R.Civ.P Rule 56(a) and Local Rule 56(a), the plaintiff in the above entitled action submits there is no genuine issue of material fact for trial and that summary judgment should enter in his favor. The plaintiff's reasons for summary judgment are more particularly described in his attached memorandum of law of even date.

Wherefore, the plaintiff requests that summary judgment in his favor enter against the defendants in the amount and relief requested in the plaintiff's amended complaint. The plaintiff's Motion For Summary Judgment should be GRANTED.

ORAL ARGUMENT REQUESTED

TESTIMONY IS REQUIRED

THE PLAINTIFF

STEVEN P. MILNER
PO BOX 25
STONINGTON, CT 06378
860-599-2930

1

CERTIFICATION

I hereby certify that a copy of the plaintiff's Motion for Summary Judgment, Memorandum of Law in Support of Summary Judgment, Local Rule 56(a)1 Statement, and attached exhibits and supporting transcripts were mailed postage paid on January 23, 2006 to the following:

Scott Karsten
29 S. Main St.
W. Hartford, CT 06107

Robinson and Cole, LLP
Rhonda Tobin
280 Trumbull St.
Hartford, CT 06103

STEVEN P. MILNER

LOCAL RULE 56(a)1 STATEMENT

The plaintiff submits the following:

Key: tr= transcript, pg= page, D= Duncklee, S= Schneider, P= Peckham

Deposition Transcripts:

a. Lester Duncklee, August 30, 2005

b. Bryan Schneider, August 29, 2005

c. Micheal Peckham, August 29, 2005

1. The Connecticut Superior Court issued a civil capias for the plaintiff dated September 6, 2002.

2. Lester Duncklee was a State Marshal on September 30, 2002. ( D.tr.pg. 4)

3. Bryan Schneider and Micheal Peckham were Stonington, CT police officers on September 30, 2002. ( S. tr. pg. 5)(P. tr. pg. 4)

4. Marshal Lester Duncklee was given the civil capias to be served on the plaintiff. (D. tr. pg. 24)

5. Marshal Duncklee requested and received the aid of Stonington Police in the service of the civil capias on September 30, 2002.(D. tr. pg. 27)

6. Schneider and Peckham aided Marshal Duncklee in the service of the capias on the plaintiff on September 30, 2002.(S. tr.pg. 14) ( P. tr. pg 30)

7. Schneider and Peckham did not read the Capias form carried by Marshal Duncklee on September 30, 2002. (S.tr.pg. 23-24, P.tr.pg.30)

8. Schneider and Peckham were familiar and understood the rules and regulations of the Stonington Police Department rule 7015.1.1 for the service of arrest warrants on September 30, 2002. (S.tr. pg 15-22, P.tr.pg. 22)

9. Schneider and Peckham were familiar and understood the rules and regulations of Stonington Police Department that only 'sworn' officers

3

of the department could serve arrest warrants. (S. tr. pg. 16, P.tr. pg. 23)

10. Marshal Duncklee admits that he is not a sworn member of the Stonington, CT police Department. (D.tr.pg.58)

11. Duncklee understands that Connecticut law distinguishes between civil and criminal arrests. (D.tr.pg. 59)

12. Duncklee confirms Schneider and Peckham did not read the capias form served on the plaintiff on September 30, 2002. (D.tr.pg.29)

13. Duncklee confirms, that he does not serve criminal process. (D.tr.pg.14)

14. Schneider and Peckham have had Constitutional law training and had an understanding of the provisions of the Constitutional 4th Amendment on September 30, 2002. (P.tr.pg.7-8, 49-50) (S.tr.pg.8-9,11)

15. Duncklee had Constitutional law training prior to September 30, 2002. (D.tr.pg.54)

16. Duncklee had served 'hundreds' of capiases prior to September 30, 2002. (D.tr.pg.26)

17. Schneider admits he was to aid in the service of a capias on the plaintiff on September 30, 2002. (S.tr.pg.14)

18. Peckham admits he was to aid in the service of a capias on the plaintiff on September 30, 2002. (P.tr.pg.30)

19. Schneider and Peckham entered the plaintiff's home on September 30, 2002. (S.tr.pg. 30) (P.tr.pg. 31-32) (D.tr.pg.65)

20. Duncklee entered the plaintiff's home on September 30, 2002. (D. tr.pg. 64)

20. Schneider and Peckham agree that no arrest warrant and no search warrant was issued or obtained against the plaintiff or his home prior to or on September 30, 2002. (S.tr.pg. 10, 36) (P.tr.pg.30)

21. Duncklee admits he placed his foot on the threshold of the door preventing from closing. (D.tr.pg.37)

22. Duncklee admits he opened the door wider and went into the plaintiff's home. (D.tr.pg 40,43)

23. Duncklee admits he used the words "arrest warrant" to gain access to the plaintiff's home on September 30, 2002. (D.tr.pg.36)

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN P. MILNER                    : 3:02 CV1929 (SRU)

V.                                  :

LESTER DUNCKLEE, ET AL              : JANUARY 20, 2006

## MEMORANDUM OF LAW IN SUPPORT
## OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

The plaintiff filed suit against the herein defendants, two
Stonington, CT police officers and a Connecticut State Marshal for
violations of the plaintiff's Constitutional rights in the service of
a civil capias, illegal entry of his home, violation of his 4th and
14th Amendment rights under the Constitution, violation of the equal
protection clause under the 14th Amendment, and other related state
law claims as stated in the plaintiff's Amended Complaint.

The plaintiff files his attached Motion For Summary Judgment as
the plaintiff states he is entitled to judgment by law. For the
reasons stated herein, the plaintiff's Motion for Summary Judgment
should be GRANTED.

### II. ARGUMENT

The plaintiff seeks summary judgment on all the claims in his
Amended Complaint that have not previously been dismissed by this
court. Summary Judgment is appropriate when there is no genuine issue
of material fact disputed, and the movant is entitled to judgment by
law. The plaintiff submits in the present case that there are no

5

issues of material fact to be tried, and the plaintiff is entitled to judgment in his favor by law.

In the context of a motion for summary judgment, the burden is on the moving party to establish that there is no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256(1986).

In Miner v. City of Glens Falls, 999 F.2d 655,661 (2nd Cir. 1993),the court held;

> "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact, a court must grant summary judgment."

A dispute regarding a material fact is genuine;

> "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Aldrich v. Randolph Cent.

Sch. Dist. 963 F2d 520, 523 (2nd Cir. 1992). Quoting Anderson, supra at 248. After discovery, if the nonmoving party;

> "has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate." Celotex Corp. v. Catrett,477 U.S. 317, 323 (1986).

Based on the present defendant's interrogatories and depositions, the plaintiff submits that they would **not** be able to sustain their burden of proof that their actions were objectively reasonable, that they did not violate the plaintiff's Constitutional rights and State law claims as alleged, and that a reasonable jury could return a verdict in their favor.

## A. Material Facts not in Dispute

The defendant police officers have admitted to being police officers on September 30, 2002.(S.tr.pg 5)(P.tr.pg 4)* Defendant Duncklee has admitted to being a State Marshal on September 30, 2002.(D.tr.pg.4)Marshal Duncklee has admitted to receiving a civil capias to be served on the plaintiff. (D.tr.pg.24)Marshal Duncklee requested and received aid from the other defendants on September 30, 2002, in service of the capias.(D.tr.pg.27)Defendant police officers admitted they did not read the capias form in Duncklee's possession on September 30, 2002.(S.tr.pg.23-24)(P.tr.pg.30)Defendant police officers admitted they were familiar with and understood the Stonington Police Department rules and regulations on September 30, 2002.(S.tr.pg.15-22)(P.tr.pg.22) Defendant police officers admitted they understood that only 'sworn' members of the police department could serve arrest warrants.(S.tr.pg.16)(P.tr.pg 23)Defendant police officers admitted that no arrest warrant or search warrant was obtained against the plaintiff prior to or on September 30, 2002. (S.tr.pg. 10, 36)(P.tr.pg.30)Defendant police officers and Marshal Duncklee admitted they had Constitutional law training prior to September 30, 2002. (S.tr.pg.8-9,11)(P.tr.pg.7-8,49-50)(D.tr.pg.54) Duncklee admitted he had served 'hundreds' of capiases prior to September 30, 2002. (D.tr.pg.26)Duncklee admitted he placed his foot in the doorway of the plaintiff's home, preventing from closing, and stating he had an "arrest warrant". (D.tr.pg.36-37)

*footnote: D=Duncklee, S=Schneider, P=Peckham, tr=transcript, pg=page D.tr-tab 1, S.tr.-tab 2, P.tr.-tab 3, 9/15/03 hearing-tab4

Duncklee admitted he pushed the door open wider and entered the plaintiff's home. (D.tr.pg.40,43) Defendant police officers admitted they entered the plaintiff's home on September 30, 2002. (S.tr.pg.30) (P.tr.pg.31-32) (D.tr.pg.65) Defendants admitted they searched the plaintiff's home on September30,2002. (S.tr.pg.32,33,34,38) (P.tr.pg.39-40) (D.tr.pg.46)

The defendants *absolutely* knew that they were not in possession of an arrest warrant or search warrant for the plaintiff on September 30, 2002. The defendants *absolutely* knew they did not have consent to enter the plaintiff's home on September 30, 2002. The defendants *absolutely* knew that they were violating the plaintiff's Constitutional rights on September 30, 2002. The defendants *absolutely* knew they were violating state law claims of false representation and trespass against the plaintiff on September 30, 2002.

## B. Constitutional Violations

Fourth Amendment:

The plaintiff has an expectation of privacy under the 4th Amendment. The Fourth Amendment protects "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The U.S. Supreme Court has analyzed the unreasonable search and seizure aspect of the Fourth Amendment. California v. Hodari D., 499 US 621 (1991) United States v. Watson 423 US 411 (1976). In Pembauer v. Cincinnati, 475 US 469, 488 (1986) the court held that;

> "justification for forcible entry to serve a capias may be weaker than justification for forcible entry to serve an arrest warrant."

8

In Welsh v. Wisconsin, 46 US 740 (1984), the court held:

> "the warrantless nighttime entry of the petitioner's home for a civil traffic offense, was prohibited by the special protection afforded the individual in his home by the Fourth Amendment."

Welsh, supra at 753:

> "it is difficult to conceive of a warrantless home arrest that would not be unreasonable under the Fourth Amendment when the underlying offense is extremely minor."

In United States v. United States District Court, 407 US 297, 313 (1972), court held:

> "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed."

As stated in State of Wisconsin v. Micheal J. Kryzaniak, 2001 WI App. 44, 241 Wis. 2d 358.

> " the capias does not rise to the level of an arrest warrant."

In Payton v. New York, 445 US 586 the court concluded that:

> "the Fourth Amendment has drawn a firm line at the entrance to the house. The threshold may not be reasonably crossed without a warrant."

Pursuant to the knock on the door by Duncklee, the occupant opened the door, which did not, by law, give the defendants the right to enter. See United States v. McCraw, (1990) CA 4 Va. 920 F2d 224.

> "Defendant did not surrender his expectations of privacy or consent to officers entry by partially opening door to determine identity of officers and therefore his warrantless arrest inside violated Fourth Amendment."

In Sumdum v. Alaska, 1980 Alaska, 612 F2d 1018, the court held:

> "door of home, even if open, presents firm constitutional barrier to searches unless conducted pursuant to warrant."

As stated above and confirmed by the herein defendant's testimony, no arrest warrant or search warrant was obtained to enter the plaintiff's home or search his home on or before September 30, 2002. All three defendant's have taken an oath, CGS 1-25, to support the Constitution to become officers of the law and clearly had knowledge of that law on September 30, 2002. Therefore, the defendants have clearly violated the plaintiff's Fourth Amendment rights, and the plaintiff is entitled to judgment in his favor by law.

Fourteenth Amendment:

The Equal Protection Clause of the Fourteenth Amendment as stated in <u>City of Cleburne v. Cleburne Living Ctr</u>. 473 US 432, 439(1985),

> "that no state shall deny to any persons within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated shall be treated alike"citing <u>Plyler v. Doe</u>, 457 US 202, 216 (1982).

The herein plaintiff was selectively treated, by the defendants knowingly violating his Fourth Amendment rights as stated herein. There actions were malicious and had bad faith intent to punish and injure the plaintiff. <u>Harlen Assoc. v. Village of Mineola</u>, 273 F.3d 494, 499(2nd Cir. 2001), <u>Village of Willowbrook v. Olech</u>, 528 US 562, 564-65, (2000). The plaintiff was treated differently than others situated in the service of a capias. Capiases are not served by forcible entry, misrepresentations, and illegal searches. Subjects of capiases can not be seized within their homes without consent. Duncklee used the words 'arrest warrant' to deceive the occupant that answered the door to gain access to the plaintiff's home. The defendant's conducted an unlawful entry and search of the plaintiff's home. Duncklee was verbally abusive to the occupant upon illegal entry

of the plaintiff's home. The defendants seized the plaintiff within his home without consent. See U.S. v. Mendenhall, 446 US 544, 554(1980), "and we will find a Fourth Amendment violation only if a reasonable person would believe that he was not free to leave."

The plaintiff was followed throughout his house by the defendants on September 30, 2002, and was reasonably convinced he was not free to leave.

Defendants Schneider and Peckham have violated the plaintiff's right under the Equal Protection Clause and under 42 USC 1983, by allowing Duncklee to violate the plaintiff's Fourth Amendment rights, and by participating in the violation of those rights as stated herein.

For the reasons stated above the defendants have clearly violated the plaintiff's Fourteenth Amendment rights under the Equal Protection Clause. The defendants are liable to the plaintiff under 42 USC 1983. Therefore, the plaintiff in entitled to judgment in his favor by law.

The Due Process Clause of the Fourteenth Amendment; The defendants violated the plaintiff's rights under the Due Process Clause of the Fourteenth Amendment by not obtaining a search warrant to search the plaintiff's home and by not obtaining an arrest warrant to forcibly enter the plaintiff's home on September 30, 2002. The plaintiff was not afforded his due process of law being treated as if the defendants had obtained the necessary warrants.

Therefore, the plaintiff is entitled to judgment in his favor by law.

## C. Civil Capias is not a Warrant

The defendants put forth their unfounded theory that a civil capias is an arrest warrant. However, they point to no authority that supports their unfounded theory.

This court is of the correct opinion that a civil capias is not a warrant. (tab 4, USDC tr.pg.23). CGS 54-2a distinguishes between a capias and arrest warrant. This statute makes a clear difference between civil arrests, 54-2a(3) and criminal arrests, 54-2a(1). (see exhibit 'A' attached)

The Fourth Amendment establishes clearly that a capias is not a warrant. It states:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, support by Oath and affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment does not speak about capiases issuing upon probable cause or oath, only warrants.(tab 4, USDC tr. pg. 16)

A capias is not obtained by probable cause, or by oath, or affidavit. The ruling by this court confirms that probable cause was not established.(tab 4, USDC, tr. pg. 24)

The capias form (see exhibit 'B'attached)used by The State of Connecticut does not use the words 'arrest warrant'. Nor does the arrest warrant form (see exhibit 'C'attached)use the word 'capias'. The capias form states in part; **"take the person"**. The arrest warrant form states in part; **" arrest the body of the within named accused"**. Two different and distinct directives of the court.

The defendants could not possibly believe they were in possession

of an arrest warrant that allowed them entry into a private home

absent consent, probable cause, or exigent circumstances.

The plaintiff had the right *not* to be arrested.

In Lee v. Sandberg 136 F.3d 94, 102 (2d Cir. 1997) the court quoted:

> "There is no dispute that this broad right to be free from arrest
> without probable cause is clearly established."
> also quoting Ricciuti v. New York Transit Auth. 124 F.3d 123,
> 128, (2d Cir.1997)

A capias is issued at the discretion of the trial court. (DiPalma
v. Wiesen, 163 Conn. 293 (1972).

No privilege exists to break into someone's dwelling to make a
civil arrest. (5 Am. Jur. 2d Arrest 120)

The plaintiff is entitled to judgment by law based on the fact

that a capias is not an arrest warrant.

## D. Qualified Immunity Claims

The defendants want this court to afford them a defense of

qualified immunity and shield them from prosecution and suit,

therefore dismissing the plaintiff's claims. The plaintiff sets forth

reasons in law that these defendants are not entitled to a defense of

qualified immunity. The standard in Harlow v. Fitzgerald, 457 US 800,

818(1982) held;

> "defendants shield themselves from liability so long as their
> conduct does not violate clearly established statutory and
> constitutional rights of which a reasonable person should have
> known."

The defendants have been officers of the law long enough to know that

their conduct on September 30, 2002 was violating the law and the

rights of the plaintiff. By their admission in the attached deposition

13

testimony, they clearly knew that no warrants were obtained, that Duncklee could not have possessed a warrant, as only officers of the department could serve arrest warrants. The defendants had to take oaths under CGS 1-25 to become officers of the law, and swore to uphold the provisions of the Constitution and the laws of the State of Connecticut. These defendants knew that the Fourth and Fourteenth Amendments to the U.S. Constitution had been clearly establish for more than 200 years. These are the laws that officers operate under on a daily basis.

In Saucier v. Katz, 121 S.Ct. 2151 (2001), the Supreme Court recently adopted a two step procedure for considering qualified immunity. 1) whether the alleged facts show a constitutional violation, 2) whether a reasonable officer would have thought that the alleged act was lawful in light of the clearly established law and the information possessed at the time.

The defendants fail on both counts. They absolutely knew that they were violating the plaintiff's constitutional rights and absolutely knew they were violating clearly established Constitutional and State law as to trespass and false representation.

These defendants also are not entitled to qualified immunity due to the fact that there were no exigent circumstances or probable cause to arrest.

The Second Circuit has held in Sorenson, Wardlaw v. City of New York, 42 Fed. Appx. 507 (2002):

> "There are three ways a defendant can establish qualified immunity. Robison v. Via, 821 F2d 913, 920-21, (2nd cir. 1987), First, is if the constitutional right that was violated was not clearly established at the time the defendant acted. Id at 920.

Second, if it was not clear at the time of the acts at issue that an exception did not permit these acts. Id at 921. And third, is even though the law was clearly established, it was objectively reasonable for the defendant to believe that his acts did not violate those rights." Id.

The herein defendants have failed on all three requirements.

In the present case at hearing on September 15, 2003, Judge Underhill denied the defendant's claims of qualified immunity ( tab 4, USDC tr. pg. 23) and only permitted the defendants to raise that defense in the future, if after discovery, facts were developed that would be contrary to the plaintiff's allegation in his Amended Complaint. (tab 4, USDC tr. pg. 35.)

The plaintiff contends that after discovery and depositions, the facts mitigate more against the defendants than before discovery. The defendants absolutely knew they had not obtained any warrants and that entry into the plaintiff's home was barred without consent, exigent circumstances, or probable cause that a crime had been committed.

Therefore, the defendants should not be allowed to raise the issue of qualified immunity as a defense and the plaintiff is entitled to judgment in his favor by law.

## E. State Law Claims of False Representation and Trespass

False Representation

Defendant Duncklee entered the plaintiff's home on September 30, 2002, continually using the words 'arrest warrant'. The defendant police officers followed Duncklee into the home knowing that an arrest warrant had not been obtained. If fact the police officers were directly behind Duncklee and heard him use the words 'arrest warrant' multiple times. (S. tr.pg.30)(P.tr.pg. 30-32)(D.tr.pg.36)

These defendant officers intentionally used the words 'arrest warrant' to misrepresent the facts as to why they were at the plaintiff's home on September 30, 2002, and to illegally gain access to the home and the plaintiff inside his home. The defendants violated Connecticut Tort Law sec. 136.

Connecticut Tort Law sec. 136 states in part:

> "It would seem that in determining the materiality of the misrepresentation, one important factor to consider is the extent of the plaintiff's reliance upon the misrepresentation."

As government officials, the plaintiff relied entirely upon their misrepresentations that they were in possession of an 'arrest warrant', and that they were legally in his home. The plaintiff having no way of knowing on September 30, 2002, that a civil capias was not an arrest warrant.

"Ordinarily, the recipient of a statement is not required to make investigation to check on the veracity of the maker of the statement". See Conn. Torts Sec. 144, citing Water Commissioners v. Robbins, 82 Conn. 623.

The herein defendants made false representations as to the possession of an arrest warrant, and false representations to enter the plaintiff's home, and false representations that a civil capias was an arrest warrant. The plaintiff is entitled to judgment by law.

Trespass

The defendants under no authority had any right, privilege or order to enter the plaintiff's home on September 30, 2002. As stated above in this memorandum and related case law, a civil capias is not

an arrest warrant, therefore their actions amounted to a violation of trespass under Connecticut Tort Law.

As stated in Tort Law sec. 16:

> "the action for trespass is in reality an action for wrongful entry rather than an action for disputing title." Radican v. Hughes, 86 Conn. 536.

It is indisputable that the herein defendants made a wrongful entry into the plaintiff's home on September 30, 2002.

Conn. Tort Law sec. 16, states in part:

> "In order for a plaintiff to recover in an action for trespass of real property, he must show that he has the legal possession of the premises." Wadsworth Reality Co. v. Sundberg, 165 Conn. 457(1973).

The plaintiff was the legal owner of the premises on September 30, 2002, in which these defendants illegally served the capias on him.

The herein defendants have violated the Tort of Trespass and the plaintiff is entitled to judgment by law.

## III. CONCLUSION

There are no material facts in dispute. The defendants have violated the plaintiff's Fourth and Fourteenth Amendment rights by entering the plaintiff's home without a warrant, and violating his due process and equal protection under the law by not obtaining a search warrant or an arrest warrant. Connecticut law distinguishes between a civil capias and an arrest warrant. The defendants are not entitled to qualified immunity because they knew or should have known that their acts were unconstitutional and also violated State law. They knew or should have known that the law protecting the plaintiff was clearly

17

established at the time of their acts. It is not objectively reasonable for these defendants to believe that their acts did not violate the plaintiff's rights as these officers admit they were seasoned officers of the law, had constitutional law training, knew and understood the rules and regulations of the police department, knew that warrants had not been obtained, knew that consent or exigent circumstances did not exist, and knew and understood the meaning of a civil capias. These defendants violated Connecticut Tort law as stated above, they intentionally gained access to the plaintiff and his home by false representations as stated above, therefore committing trespass. For the reasons stated in the plaintiff's Memorandum of Law in Support of Summary Judgment, his Motion for Summary Judgment should be GRANTED.

THE PLAINTIFF

STEVEN P. MILNER
PO BOX 25
STONINGTON, CT 06378
860-599-2930

**Sec. 54-2a. Issuance of bench warrants of arrest, subpoenas, capias and other criminal process. Release conditions. Service of court process. Entry of warrants into computer system.** (a) In all criminal cases the Superior Court, or any judge thereof, or any judge trial referee specifically designated by the Chief Justice to exercise the authority conferred by this section may issue (1) bench warrants of arrest upon application by a prosecutorial official if the court or judge determines that the affidavit accompanying the application shows that there is probable cause to believe that an offense has been committed and that the person complained against committed it, (2) subpoenas for witnesses, (3) capias for witnesses and for defendants who violate an order of the court regarding any court appearance, and (4) all other criminal process; and may administer justice in all criminal matters.

(b) The court, judge or judge trial referee issuing a bench warrant for the arrest of the person or persons complained against shall, in cases punishable by death or life imprisonment, set the conditions of release or indicate that the person or persons named in the warrant shall not be entitled to bail and may, in all other cases, set the conditions of release. The conditions of release, if included in the warrant, shall fix the first of the following conditions which the court, judge or judge trial referee finds necessary to assure such person's appearance in court: (1) Written promise to appear; (2) execution of a bond without surety in no greater amount than necessary; or (3) execution of a bond with surety in no greater amount than necessary.

(c) In lieu of a warrant for the rearrest of any defendant who fails to appear for trial at the place and time specified or on any court date thereafter the court, judge or judge trial referee may issue a capias.

(d) All process issued by said court or any judge thereof, or any judge trial referee shall be served by any proper officer, or an indifferent person when specially directed to do so, and shall be obeyed by any and all persons and officers to whom the same is directed or whom it may concern.

(e) Whenever a warrant is issued under this section or section 53a-32, the court, judge or judge trial referee may cause such warrant to be entered into a central computer system. Existence of the warrant in the computer system shall constitute prima facie evidence of the issuance of the warrant. Any person named in the warrant may be arrested based on the existence of the warrant in the computer system and shall, upon any such arrest, be given a copy of the warrant.

EXHIBIT 'A'

CAPIAS



STATE OF CONNECTICUT
SUPERIOR COURT

**INSTRUCTIONS**
1. Prepare in triplicate and keep a copy.
2. Forward original and 1 copy to clerk.
3. Proper Officer to make return on signed original.

TO:   Any Proper Officer of the State of Connecticut

FA90 0515243

NAME AND ADDRESS OF COURT
*Heidi Milner vs Steven Milner*
*Superior Court, 70 Huntington St, New London, CT JD*

NAME OF PERSON TO BE ARRESTED
*Steven Milner*

ADDRESS OF PERSON TO BE ARRESTED (if known)
*Trolly Crossing Rd, Stonington, CT*

DOCKET NO.
*515243*

JD OR GA

DATE FAILED TO APPEAR
*4-24-95*

TELEPHONE NO. (if known)

WHEREAS, the above-named person was duly summoned, ordered, subpoenaed or otherwise required by law to appear before this court on the above date, and said person failed to appear, and

WHEREAS, the court orders the issuance of this capias and sets the condition(s) of release, specified below.

THESE ARE therefore by authority of the State of Connecticut to command you to take the person named above and to bring said person before this court without undue delay, and if said court is not in session, to bring the person without undue delay before the clerk or assistant clerk of the court issuing this capias during the office hours of the clerk. If the clerk's office is not open, you shall, without undue delay, take such person to a community correctional center within the judicial district where this capias was issued or, if there is no community correctional center within such judicial district, to the nearest community correctional center.

The clerk or assistant clerk or a person designated by the commissioner of correction shall order the person taken into custody on the capias to enter into the condition(s) of release set forth below, on the condition that such person shall appear before the next session of the Superior Court which issued the capias.

Upon the failure of such person to enter into the condition(s) of release set forth below, the person named above shall be held in the correctional center pursuant to the capias until the next session of court. In such case, a copy of this capias shall be left with the designee of the commissioner of correction which shall be authority for keeping the person named above.

Hereof fail not but due service and return make

**CONDITION(S) OF RELEASE**

*Cash bond $10,000.00*

NAME OF JUDGE/MAGISTRATE
*Teller, J*

By order of the court.

NAME OF ASSISTANT CLERK
*Lisa M. Pisca/Ac*

DATE SIGNED
*9-6-02*

For Court Use Only

FILE DATE

A True Copy
Attest
Lester H. Dunkiski
State Marshal
New London

PLAINTIFF'S EXHIBIT
2  8/29/05
Schneider

*EXHIBIT 'B'*

INFORMATION

STATE OF CONNECTICUT
SUPERIOR COURT

| ARREST WARRANT | | |
| --- | --- | --- |
| G.A. NO. | DATE | STATE OF CONNECTICUT |

TO: Any Proper Officer of the State of Connecticut

By AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to arrest the body of the within-named accused. *("X" all that apply)*

- A. Accused is ordered to be brought before a clerk or assistant clerk of the Superior Court.
- B. Accused is not entitled to bail.
  If A, B or both are checked above, you shall without undue delay bring the arrested person before the clerk or assistant clerk of the Superior Court for the geographical area where the offense is alleged to have been committed, or if the clerk's office is not open, to a community correctional center within said geographical area, or the nearest community correctional center if no such center exists in the geographical area, or to the Correctional Institution, as the case may be.
- C. Bail set at _____
- D. Conditions of release not determined by court.

EXTRADITION BOUNDARIES ESTABLISHED BY PROSECUTOR

| BY THE COURT | SIGNED (Judge of the Superior Court) | NAME OF JUDGE (Print or type) |
| --- | --- | --- |

| RETURN ON ARREST WARRANT | | |
| --- | --- | --- |
| G.A. NO. | TOWN OF | DATE | STATE OF CONNECTICUT |

Then and there, by virtue of the within and foregoing complaint and warrant, I arrested the body of the within-named accused and read the same in the hearing of said accused; and have said accused here in court for examination.

ATTEST (Officer's signature and Department)

| DATE | OTHER COURT ACTION | JUDGE |
| --- | --- | --- |

JD/CR-1 part of page 1 - Rev. 1-03

*EXHIBIT 'C' 5 PAGES*

# INFORMATION

JD-CR-71 Rev. 1-03

DISPOSITION DATE

## SUPERIOR COURT

### TITLE, ALLEGATION AND COUNTS

STATE OF CONNECTICUT VS. *(Name of accused)*

| G.A. NO. | DOCKET NO. |
|---|---|

ADDRESS

The undersigned Deputy Assistant State's Attorney of the Superior Court of the State of Connecticut on oath of office charges:

TO BE HELD AT *(Town)*

COURT DATE

FIRST COUNT - DID COMMIT THE OFFENSE OF

| | | | CONTINUED TO | PURPOSE | REASON |
|---|---|---|---|---|---|
| AT *(Town)* | ON OR ABOUT *(Date)* | IN VIOLATION OF GENERAL STATUTE NO. | | | |

SECOND COUNT - DID COMMIT THE OFFENSE OF

| AT *(Town)* | ON OR ABOUT *(Date)* | IN VIOLATION OF GENERAL STATUTE NO. |
|---|---|---|

THIRD COUNT - DID COMMIT THE OFFENSE OF

| AT *(Town)* | ON OR ABOUT *(Date)* | IN VIOLATION OF GENERAL STATUTE NO. |
|---|---|---|

SEE OTHER SHEET(S) FOR ADDITIONAL COUNTS

| DATE | SIGNED *(Deputy Asst. State's Attorney)* |
|---|---|

### COURT ACTION

DEFENDANT ADVISED OF RIGHTS BEFORE PLEA

JUDGE                    *(DATE)*

PUBLIC DEFENDER   GUARDIAN

| BOND | SURETY | ☐ 10% | ELECTION | *(Date)* |
|---|---|---|---|---|
| BOND CHANGE | | ☐ CASH | ☐ CT ☐ JR | |
| | | | SEIZED PROP. INVENTORY NO. | |

| COUNT | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT FINDING | FINE | REMIT | | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | $ | $ | | |
| 2 | | | | | | $ | $ | | |
| 3 | | | | | | $ | $ | | |

| DATE | OTHER COURT ACTION | JUDGE |
|---|---|---|
| | | |

| RECEIPT NO. | COST ☐ IMP ☐ NCI | BOND INFORMATION ☐ BOND FORFEITED | ☐ FORFEITURE VACATED | FORFEITURE VACATED AND BOND REINSTATED |
|---|---|---|---|---|
| APPLICATION FEE - RECEIPT NO. IF PAID | CIRCLE ONE W  I  Q | PROGRAM FEE - RECEIPT NO. IF PAID | CIRCLE ONE W  I  Q | PROBATION FEE - RECEIPT NO. IF PAID    CIRCLE ONE  W  I  Q |
| STATE'S ATTORNEY ON ORIGINAL DISPOSITION | REPORTER/MONITOR ON ORIG. DISP | SIGNED *(Clerk)* | SIGNED *(Judge)* | |

☐ SEE BACK OF PAGE

| REQUEST TO SEAL AFFIDAVITS ⬭<br>IN SUPPORT OF ARREST<br>WARRANT APPLICATION<br>JD-CR-64 Rev. 10-04<br>C.G.S. § 54-2a, Pr. Bk. Sec. 36-1, 36-2, 36-3 | **STATE OF CONNECTICUT** ⬭<br>**SUPERIOR COURT**<br>*www.jud.state.ct.us* | FOR COURT USE ONLY |
|---|---|---|

| | FOR COURT USE ONLY |
|---|---|
| | SUPPORTING AFFIDAVITS SEALED |
| | ☐ YES        ☐ NO |

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(Town)* | G.A. NO. |
|---|---|---|

## REQUEST TO SEAL AFFIDAVITS IN SUPPORT OF ARREST WARRANT APPLICATION

TO: A Judge of the Superior Court

The undersigned having applied for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the affidavit(s) incorporated into the application, for the reason(s) set forth below requests that if a warrant is issued the court order that the supporting affidavit(s):

☐ BE SEALED from public inspection for a period of: _____ *(not to exceed 14 days from arrest)*

☐ DISCLOSURE BE LIMITED under the following terms and conditions  or such terms and condtions as the court finds reasonable, subject to the further order of any Judge having jurisdiction of the matter:

**The basis for the request to seal or limit disclosure of the supporting affidavits is:**

☐ The arrest is part of a continuing investigation which could be adversely affected by disclosure of the affidavit(s) at this time;

☐ The personal safety of a confidential informant or witness could be jeopardized by disclosure of the affidavit(s) at this time;

☐ The disclosure of the affidavit(s) at this time would be inconsistent with the provisions of Chapter 959a *(Wiretap);*

☐ The protection of the identity of sexual assault victims *(C.G.S. §§ 54-86d and 54-86e)* and/or complainant(s);

☐ Other *(specify):*

| DATE AND<br>SIGNATURE | DATE | SIGNED *(Prosecuting Authority)* | PRINT NAME OF PERSON SIGNING |
|---|---|---|---|

## ORDER

The foregoing request that the Court seal or limit disclosure of the affidavits is hereby:

☐ **GRANTED** *(Complete A or B and C)*

    ☐ **A.**  The affidavit(s) are ordered sealed for _____ days.  *(Specify, not to exceed 14 days from the date of arrest.)*

    ☐ **B.**  Disclosure of the affidavit(s) is subject to the following terms and conditions: *(Specify)*

    _____

    _____

    **C.**  Disclosure to the attorney for the accused is granted subject to the following restrictions on further disclosure by said attorney:

      ☐ The information contained in the affidavit(s) is for the sole benefit of the accused and the attorney for the accused, and said information shall not be provided to any other person.

      ☐ Other *(specify):* _____

☐ **DENIED**

| SIGNED AT *(City or Town)* | ON *(Date)* | SIGNED *(Judge/Judge Trial Referee)* | PRINT NAME *(Judge/Judge Trial Referee)* |
|---|---|---|---|

**ARREST WARRANT**
**APPLICATION/AFFIDAVIT**
JD-CR-64a Rev. 5-02
C.G.S. § 54-2a, Pr. Bk. Sec. 36-1, 36-2, 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

| AGENCY NAME | | AGENCY NO. |
|---|---|---|

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(Town)* | G.A. NO. |
|---|---|---|

## AFFIDAVIT

The undersigned affiant, being duly sworn, deposes and says:





COPY

*(This is page _____ of a _____ page Affidavit.)*

| DATE AND SIGNATURE | DATE | | SIGNED *(Affiant)* | |
|---|---|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* | | SIGNED *(Judge, Clerk, Comm. Sup. Ct., Notary Pub.)* | |
| SIGNED *(Prosecutorial Official)* | | DATE | SIGNED *(Judge / Judge Trial Referee)* | DATE |

ARREST WARRANT APPLICATION
JD-CR-64b Rev. 10-04
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.state.ct.us*

| | FOR COURT USE ONLY |
|---|---|
| | SUPPORTING AFFIDAVITS SEALED |
| | ☐ YES          ☐ NO |

| AGENCY NAME | |
|---|---|
| | AGENCY NO. |

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(Town)* | G.A. NO. |
|---|---|---|

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the:     ☐ AFFIDAVIT BELOW.          ☐ AFFIDAVIT(S) ATTACHED.

| DATE AND SIGNATURE | DATE | SIGNED *(Prosecuting Authority)* | TYPE/PRINT NAME OF PROSECUTING AUTHORITY |
|---|---|---|---|

## AFFIDAVIT

The undersigned affiant, being duly sworn, deposes and says:

*(This is page _____ of a _____ page Affidavit.)*

| DATE AND SIGNATURE | DATE | SIGNED *(Affiant)* |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* | SIGNED *(Judge / Clerk, Comm. Sup. Ct., Notary Public)* |

## FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE AND SIGNATURE | SIGNED AT *(City or Town)* | ON *(Date)* | SIGNED *(Judge / Judge Trial Referee)* | NAME OF JUDGE/JUDGE TRIAL REFEREE |
|---|---|---|---|---|