# EXHIBIT 1

D. Conn.
02-cv-1929
Underhill, J.

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

---

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 3rd day of June two thousand and four,

Present:
> Hon. Robert D. Sack,
> Hon. Sonia Sotomayor,
> Hon. Richard C. Wesley,
> > *Circuit Judges.*

---

Steven Milner,
Heidi Cannon

> Plaintiffs-Appellees-
> Cross-Appellants,

v.

> 03-9224(L)
> 03-9225(Con)
> 03-9226(XAP)

Lester Duncklee, I/O,
Bryan Schneider, I/O,
Micheal Peckham, I/O,

> Defendants-Appellants-
> Cross-Appellees.

---

Plaintiffs-Appellees move to dismiss the appeals of the Defendants-Appellants, and Defendants-Appellants Schneider and Peckham move to dismiss the cross-appeal of the Plaintiffs-Appellees. This Court hereby GRANTS the Plaintiffs-Appellees' motion to dismiss. *See* Whalen v. County of Fulton, 19 F.3d 828, 830-31 (2d Cir. 1994) (where district court has ordered that defendants may, after further discovery, argue in support of qualified immunity defense, the court has not conclusively determined the qualified immunity issue and the order is not appealable under the collateral order doctrine). Additionally, this Court has determined that it lacks jurisdiction over the Plaintiffs-Appellees' cross-appeal because the district court's partial grant of the motion to dismiss is not a final order pursuant to 28 U.S.C. § 1291. Therefore, it is ORDERED that the Defendant-

Appellants Schneider and Beckham's motion to dismiss is hereby GRANTED. If, at an appropriate time, the Defendants-Appellants move for summary judgment in the district court on grounds of qualified immunity, and the motion insofar as it is based on those grounds is denied, that denial may then be reviewable by this Court. *See* Whalen, 19 F.3d at 830-81.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Lucille Carr*

SAO/ad

# EXHIBIT 2

1984 GENERAL ASSEMBLY

SENATE

1295

168
LFU

WEDNESDAY
APRIL 18, 1984

damage before a surcharge could be imposed. Mr. President, the last time this surcharge was changed was 1971 at which time we made it $300. Obviously, this is to keep up with inflation. If there is no objection, I would move this to the Consent Calendar.

THE CHAIR:

Any objection to placing this on Consent? Hearing no objection, the matter will go on Consent.

THE CLERK:

Calendar 403, File 293, House Bill 5075, AN ACT CONCERNING ISSUANCE OF A CAPIAS IN CRIMINAL CASES, Favorable Report of the Committee on Judiciary.

THE CHAIR:

Senator Owens.

SENATOR OWENS:

Mr. President, I move acceptance of the Joint Committee's Favorable Report and passage of the Bill.

THE CHAIR:

Remark?

SENATOR OWENS:

The Bill would allow the court to issue a capias in certain situations rather than using more formal criminal arrest warrant. The situations covered in the Bill are

1984 GENERAL ASSEMBLY  **1396**

SENATE

WEDNESDAY  169
APRIL 18, 1984  LFU

when the accused in a criminal case has failed to appear in court for trial, violated any court order regarding appearance or forfeited bond. I'd ask if there is no objection that this matter be placed on Consent.

THE CHAIR:

Any objection to placing on Consent? Hearing no objection, the matter will go on Consent.

THE CLERK:

Calendar 404, File 235, 613, Substitute for House Bill 5173, AN ACT VALIDATING CERTAIN MARRIAGES, REINSTATING AND VALIDATING THE CORPORATE EXISTENCE OF CERTAIN CORPORATIONS AND CONCERNING TERMINATION OF PARENTAL RIGHTS, as amended by House Amendment, Schedules A and B, Favorable Report of the Committee on Judiciary.

THE CHAIR:

Senator Owens.

SENATOR OWENS:

I move acceptance of the Joint Committee's Favorable Report as amended by House A and amended by House B.

THE CHAIR:

Remark?

SENATOR OWENS:

Very briefly, House A provided that upon clear and

EXHIBIT 3

JUDGE MENT: (continued)
relationships that now exist. The present set-up does in fact, have an individual who is responsible as the clerk for the housing sessions. This would in fact, set up the title and would simply make the responsibility set forth more clearly.

Third would be LCO 88, An Issuance of Capias in Criminal Cases. HB 5075 Presently, when a defendant does not appear the judge has no alternative but to issue a rearrest and in some cases it's a cumbersome and difficult process which does not always result in the defendant being brought to court. This would simply give the judge a second arrow in which he can attempt to have the court's orders complied with.

Third, and perhaps most important, is LCO 92 which is a request for additional judgeships. The Judicial Department recognizes the fiscal difficulties of the state but we also recognize our responsibility to provide a responsive system of justice to the people of Connecticut. This is why we support LCO 92, An Act HB 5074 Increasing the Number of Superior Court Judges. The Bill proposes to create 12 additional judgeships. Much of the lengthy delay in the disposition of cases is attributable to the shortage of judge power.

The number of judgeships has not kept pace with the dramatic rise in the number of filings. For example, in the first six months of 1983-84 fiscal year, there has been an increase of 32,000 motor vehicle cases; from 170,000 to 202,000. This increase is due in part to the Mianus Bridge situation and in part to the action taken following the bridge falling into the Mianus River.

The speedy trial act which will begin to make its effect known in July of this year is such that it will, in July of '85 shorten the guidelines. All cases will have to be disposed of within 12 months. On the civil side, I think we are all aware of the tremendous need for additional judges. There has been, in fact, a six percent increase in the jury trial list in the first six months of this fiscal year and that percentage is increasing. Since court merger, the jury trial list has increased to over 16,500 cases and the nature of these cases is that they

# EXHIBIT 4

1

```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT

    _____

                                        )
    STEVEN MILNER and HEIDI CANNON,     )
                                        )
                       Plaintiff,       )
                                        )
                  vs.                   ) 3:02CV1929 (SRU)
                                        )
    LESTER DUNCKLEE, individually and   )
    official capacity,                  )
    BRYAN SCHNEIDER, individually and   )
    official capacity,                  )
    MICHAEL PECKHAM, individually and   )
    official capacity,                  )
                                        )
                       Defendants.      )
                                        )
    _____ )
```

    Deposition of JAMES E. NEIL, taken pursuant to the Federal Rules of Civil Procedure, at the Mystic Hilton Hotel, Coogan Boulevard, Mystic, Connecticut, before Sarah J. Miner, L.S.R., a Notary Public in and for the State of Connecticut, on October 27, 2006, at 11:15 a.m.

1    A.   I am not employed as an attorney for the
2  State of Connecticut, no.
3    Q.   Had you been in the past?
4    A.   Yes.
5    Q.   I would like to show you a copy of, this is,
6  Plaintiff's Exhibit 2, from the Schneider deposition,
7  from August 29th, '05.  Would you just tell me what
8  that document is?
9    A.   This is a capias warrant.
10   Q.   Does the document use the word warrant at
11 all?
12   A.   No, it says at the top "capias."
13   Q.   But does it use the words "arrest warrant"
14 anywhere?
15   A.   Not that I see, no.
16   Q.   Thank you.
17        You just testified that state marshals were
18 authorized to serve capiases.  Do you know what the
19 procedure is to obtain a capias?
20   A.   Somewhat.  I mean -- I am not -- I don't know
21 perhaps every step in the procedure, no.
22   Q.   Can you explain to me what you do know about
23 obtaining a capias?
24   A.   Well, it is my understanding that a capias
25 provides authorization for a peace officer to take

```
 1                    C E R T I F I C A T E
                      - - - - - - - - - -
 2

 3        I hereby certify that I am a Notary Public, in

 4   and for the State of Connecticut, duly commissioned

 5   and qualified to administer oaths.

 6        I further certify that the deponent named in the

 7   foregoing deposition was by me duly sworn and

 8   thereupon testified as appears in the foregoing

 9   deposition; that said deposition was taken by me

10   stenographically in the presence of counsel and

11   reduced to typewriting under my direction, and the

12   foregoing is a true and accurate transcript of the

13   testimony.

14        I further certify that I am neither of counsel

15   nor related to either of the parties to said suit, nor

16   of either counsel in said suit, nor am I interested in

17   the outcome of said cause.

18        Witness my hand and seal as Notary Public the

19   30th of January, 2006.

20

21                              _____

22                                   Notary Public

23

24   CSR NO. 00223
     My Commission Expires:
25   November 31, 2007
```