UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN MILNER and HEIDI CANNON,       :
                                       :
    Plaintiffs,                       :
V.                                     :   CIVIL NO. 3:02CV01929(SRU)
                                       :
LESTER DUNCKLEE, ET AL.                :
                                       :
    Defendants.                       :   FEBRUARY 3, 2006

### AFFIDAVIT OF GARY B. TRAYSTMAN, ESQ.

I, Gary B. Traystman, Esq., being duly sworn, depose and say:

1. I am over 18 years old and understand the obligations of an oath.

2. I am a member in the law firm of Traystman & Coric, LLC.

3. This affidavit is based upon my own personal knowledge.

4. I represented Steven Milner's first wife, Heidi Milner, during divorce proceedings that occurred in the early 1990s, but also entailed my representing her in post judgment hearings through approximately 2002 as well.

5. During the course of these divorce proceedings, a support order was entered by the Court whereby Steven Milner was obligated to pay child support for his three children.

6. Following judgment, Mr. Milner refused to make such child support payments.

7. Thereafter, it is my recollection that a contempt citation was served on Mr. Milner

and a hearing was scheduled before Connecticut Superior Court Judge Samuel Teller.

8. At the hearing before Judge Teller which I believe took place on April 24, 1995, noted above, the Judge was made aware of the background of the case regarding the issue of child support.

9. Mr. Milner did not appear at this hearing and as a result, a capias was issued by Judge Teller, with a substantial bond posted.

10. Thereafter, it is also my recollection that several attempts were made to serve the capias on Mr. Milner, but these attempts were unsuccessful because Mr. Milner had moved out of the state, and was also avoiding service by not visiting with his children in the state of Connecticut.

11. Sometime during the 2002 calendar year, I learned through my client that Mr. Milner had moved back to Connecticut.

12. After learning Mr. Milner's residential whereabouts, I asked Marshal Duncklee to serve the capias on Mr. Milner, forcing his presence at court to answer the still pending contempt charges against him regarding back child support.

13. Mr. Milner was picked up under the capias and at the court hearing scheduled thereafter he agreed to pay over $30,000.00 in back child support, at which time neither he nor his attorney, Richard Dixon, disputed the age of the capias, whether service was inappropriate,

but instead signed the above referenced agreement asking that the Court enter it as a court order and indicating it was in his mind a fair and equitable resolution of the arrearage issue.

14. My office requested a copy of the transcript of the hearing before Judge Teller in 1995, yesterday, but was told by the New London Court Reporter's Office that the stenographic notes related to that hearing were destroyed in 2002 as they are only required to be kept for 7 years.

_____
Gary B. Traystman

Subscribed and sworn to before me, Janet A. Allen, this 3rd day of February, 2006.

_____
Janet A. Allen
Notary Public
My commission expires: 12/31/08

