UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN MILNER and HEIDI CANNON, | : | |
| | : | |
| Plaintiffs, | : | |
| V. | : | CIVIL NO. 3:02CV01929(SRU) |
| | : | |
| LESTER DUNCKLEE, ET AL. | : | |
| | : | |
| Defendants. | : | MARCH 8, 2006 |

**DEFENDANT LESTER DUNCKLEE'S MOTION TO HAVE FACTS SET FORTH IN HIS 56(a)1 STATEMENT DEEMED ADMITTED FOR PURPOSES OF HIS MOTION FOR SUMMARY JUDGMENT**

The defendant, Lester Duncklee ("Duncklee") hereby moves to have certain facts set forth in his Local Rule 56(a)1 Statement deemed admitted for purposes of Duncklee's Motion for Summary Judgment as a result of the plaintiff, Steven Milner's ("Milner") failure to admit or deny such facts as required by the Local Rules. While Plaintiff filed a Local Rule 56(a)2 Statement, he inexplicably failed to admit or deny twenty-three (23) of the fifty-nine (59) paragraphs, but instead, claimed that the factual assertions were "immaterial or irrelevant." Because this purported response finds no support in the Local Rules or case law, these facts should be deemed admitted for purposes of summary judgment.

**I.    BACKGROUND**

On February 6, 2006, Duncklee filed a motion for summary judgment ("Motion") and accompanying Local Rule 56(a)1 Statement. Shortly thereafter, Plaintiff filed an opposition pleading styled as an "Objection and Reply to Defendant Duncklee's Motion For Summary Judgment" ("Opposition"). Plaintiff also filed his Local Rule 56(a)2 Statement in which he admitted and denied certain facts included in Duncklee's Rule 56(a)1 Statement. In addition,

Plaintiff refused to answer factual assertions set forth in twenty-three (23) separately numbered paragraphs by claiming that these facts are "immaterial" and irrelevant."

## II.  ARGUMENT

Local Rule 56(a)2 clearly provides that a party opposing a motion for summary judgment must file a statement, "which states in separately numbered paragraphs . . . whether each of the facts asserted by the moving party is *admitted or denied*." L. R. Civ. P. § 56(a)2 (emphasis added). Despite the clear mandate of this rule,[1] Plaintiff apparently believes that he can refuse to answer certain allegations that he deems to be "irrelevant" or "immaterial." There is no such provision in the Local Rules. Rather, a party's refusal to admit or deny certain facts in a 56(a)2 statement is in violation of the Local Rules and thus, these facts should be admitted. See Root v. Liston, 363 F. Supp. 2d 190, 191 n.1 (D. Conn. 2005)(Hall, J.)

Nevertheless, Plaintiff sets forth two primary arguments, which in his view permit him to evade the Local Rules. First, Plaintiff claims that all facts and circumstances surrounding the issuance of the capias are immaterial and irrelevant because he "has never disputed or challenged the validity of the capias." (Opposition, at 2.) Plaintiff overlooks, however, that this Court, in the September 15, 2003 hearing on the defendants' motions to dismiss, inquired into the circumstances under which the capias was issued. (Ruling, 9.15.03, at 3-4.) In order to fill these factual gaps, counsel for Duncklee requested that Attorney Gary Traystman, who was present at

---

[1]    In addition, Plaintiff was alerted to this rule by the notice to pro se litigants opposing judgment, which is required by Local Rule 56(b). Not only did that Notice contain the text of the Local Rules, but it explicitly informed the Plaintiff that:
> It is also very important that you review the enclosed copy of the Rule 56 of the Local Rules of Civil Procedure carefully. This rule provides detailed instructions concerning the papers you must file in opposition to the defendant's motion, *including how you must respond to specific facts the defendant claims are undisputed (see Rule 56(a)(2))*. . . . If you fail to follow these instructions, the defendant's motion may be granted if the defendant's motion shows that the defendant is entitled to judgment as a matter of law.

(Emphasis added).

the hearing, provide an affidavit as to what transpired when the capias was issued. Rather than directly deny any of the allegations in this affidavit, Plaintiff simply chose not to respond. Therefore, Plaintiff's unsupported allegations regarding Attorney Traystman should be rejected.

In addition, Plaintiff asserts that certain portions of Heidi Cannon's ("Cannon") testimony, which directly contradict the allegations made in the Amended Complaint, are "immaterial and irrelevant." (Opposition, at 3.) For instance, contrary to the allegations made in the Amended Complaint, Cannon testified that she was aware that the plaintiff was home when Duncklee knocked on the door as they had been drinking wine in front of the fireplace. (Deposition of Heidi Cannon ("Cannon Depo."), at 22, 31-32.) In order to avoid responding to this testimony, Plaintiff claims that these facts, which he clearly deemed to be relevant enough to include in his Amended Complaint, are now irrelevant. These claims should be rejected.

### III. CONCLUSION

Based on the foregoing reasons, defendant Lester Duncklee respectfully requests that this Court grant his Motion To Have Facts Set Forth In His 56(a)1 Statement Deemed Admitted For Purposes of his Motion for Summary Judgment.

**DEFENDANT,
LESTER DUNCKLEE**

By    /s/ Jeffrey J. White
Rhonda J. Tobin (ct 07755)
rtobin@rc.com
Jeffrey J. White (ct 25781)
jwhite@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

-4-

**CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 8th day of March, 2006, to:

Mr. Steven Milner, pro se
40 Trolley Crossing
PO Box 25
Stonington, CT 06378

Scott M. Karsten
Karsten & Dorman, LLC
29 South Main Street, 2nd Floor South
P.O. Box 270722
West Hartford, CT 06107

                                                                       /s/ Jeffrey J. White
                                                                     Jeffrey J. White