UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN MILNER and HEIDI CANNON, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL NO. 3:02CV01929(SRU) |
| | : | |
| LESTER DUNCKLEE, ET AL. | : | |
| | : | |
| Defendants. | : | MARCH 8, 2006 |

**DEFENDANT LESTER DUNCKLEE'S LOCAL RULE 56(a)2 STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to District of Connecticut Local Rule 56(a)2, Defendant Lester Duncklee ("Duncklee") respectfully submits the following responses to the Local Rule 56(a)1 Statement filed by the plaintiff, Steven Milner ("Milner"), and the following statement of material facts as to which there exists genuine issues of fact to be tried.

**I.    Responses to Plaintiff's Local Civil Rule 56(a)1 Statement**

1. Duncklee admits that the Connecticut Superior Court issued a capias for the plaintiff dated September 6, 2002.

2. Admitted.

3. Admitted.

4. Duncklee admits that he was given a capias to be served on the plaintiff.

5. Duncklee admits that he requested that the Stonington police accompany him as he served the capias on September 30, 2002.

HART1-1314713-1

-2-

      6.      Duncklee admits that officers Schneider and Peckham accompanied him in order to provide him protection during the service of the capias on the plaintiff on September 30, 2002.

      7.      Admitted.

      8.      Admitted.

      9.      Admitted.

      10.      Admitted.

      11.      Admitted.

      12.      Admitted.

      13.      Admitted.

      14.      Admitted.

      15.      Denied.  (Deposition of Lester Duncklee, at 10-11.)

      16.      Admitted.

      17.      Admitted.

      18.      Admitted.

      19.      Admitted.

      20.      Admitted.

20a.[1]    Denied to the extent that Peckham testified that based on his training, it is his belief that a capias and an arrest warrant are one in the same.  (Deposition of Michael Peckham, at 16-18.)

21.    Admitted.

22.    Duncklee admits that he opened the door wider after Cannon stepped back. Duncklee further admits that when he opened the door, he did not move Cannon's foot or push or move her out of the way.

23.    Duncklee admits that he used the words "arrest warrant."

## II.    Duncklee's Statement of Disputed Facts Pursuant to Local Rule 56(a)(2)

There are no issues of material fact as to which it is contended there is a genuine issue to be tried.

**DEFENDANT,**
**LESTER DUNCKLEE**

By _____/s/ Jeffrey J. White_____
Rhonda J. Tobin (ct 07755)
rtobin@rc.com
Jeffrey J. White (ct 25781)
jwhite@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

---

[1]    Paragraph 20 in Plaintiff's 56(a)1 statement is repeated twice.  To avoid confusion, Defendant has renumbered the second paragraph as "20a."

-4-

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 8th day of March, 2006, to:

Mr. Steven Milner, pro se
40 Trolley Crossing
PO Box 25
Stonington, CT 06378

Scott M. Karsten
Karsten & Dorman, LLC
29 South Main Street, 2nd Floor South
P.O. Box 270722
West Hartford, CT 06107

                                                /s/ Jeffrey J. White
                                            Jeffrey J. White