UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN MILNER                 :     3:02CV1929(SRU)

V.                            :

LESTER DUNKLEE, ET AL         :     MARCH 9, 2006

**OBJECTION TO DEFENDANT DUNCKLEE'S MOTION TO HAVE
FACTS SET FORTH IN HIS 56(a)1 STATEMENT
DEEMED ADMITTED FOR THE PURPOSES OF HIS
MOTION TO SUMMARY JUDGMENT**

**Introduction**

The plaintiff filed his Local Rule 56(a)2 statement with the defendant in response to Duncklee's Local Rule 56(a)1 statement on February 20, 2006. The plaintiff answered Duncklee's 56(a)1 statement to the best of his knowledge, answered to some allegations as "immaterial and irrelevant" to the present action. Defendant Duncklee filed a Motion to have the plaintiff's answers to immaterial allegations as "admitted". The plaintiff requests guidance from this court through his Motion For Order of even date.

**Argument**

Local Rule 56(a)1 and 56(a)2 clearly state that issues of _material_ facts are to be included in the Local Rule statements. The plaintiff contends that some alleged facts by the defendant are not material to the present action. Whether these alleged facts are admitted or denied by the plaintiff have no material bearing on the issues in the present action. Furthermore, if this court orders the plaintiff to answer, this would give the defendant latitude to state any global facts not pertaining to the present case, which is clearly

not the provision in the Local Rule. See <u>Carlis v. Sears Roebuck & Co.</u>, 946 F.2d 900, (1991), the court held, "a dismissal for a local rule violation is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." In the present case the plaintiff requests that this court order whether the plaintiff's 56(a)2 statement complies with the Local Rules as it relates to <u>material</u> facts. And whether a party can state in their 56(a)1 statement issues that are clearly irrelevant and immaterial to the action. The plaintiff would not want to answer to immaterial facts that in the unlikely event that his Motion for Summary judgment is denied, that those immaterial facts would come before a jury. F.R.Civ.P. 56(d).

**Conclusion**

The plaintiff objects to having his answers to Defendant Duncklee's 56(a)1 statement, no. 8-15, 17-28,37,43,44, 'admitted' as his facts are not <u>material</u> within the meaning of the Rule. Defendant Duncklee's Motion to Have Facts Set Forth as Admitted For The Purposes of Summary Judgment should be DENIED.

THE PLAINTIFF

STEVEN MILNER
PO BOX 25
STONINGTON, CT 06378
860-599-2930

CERTIFICATION

    I hereby certify that a copy of the foregoing was mailed postage paid on March 9, 2006 to the following:

Robinson and Cole, LLP
Rhonda Tobin
280 Trumbull St.
Hartford, CT 06103

                              STEVEN MILNER

Scott Karsten
29 S. Main St.
W. Hartford, CT 06107