UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN MILNER and HEIDI CANNON, : | |
| : | |
| Plaintiffs, : | |
| V. : | CIVIL NO. 3:02CV01929(SRU) |
| : | |
| LESTER DUNCKLEE, ET AL. : | |
| : | |
| Defendants. : | MARCH 30, 2006 |

### DEFENDANT LESTER DUNCKLEE'S OBJECTION TO PLAINTIFF'S MOTION FOR ORDER

The defendant, Lester Duncklee ("Duncklee") objects to the plaintiff, Steven Milner's ("Plaintiff") Motion for Order (# 142) ("Motion"), which both mischaracterizes Duncklee's deposition testimony and improperly seeks to conduct discovery well after the deadline has passed. As a result, Plaintiff's Motion should be denied.

Plaintiff seeks three different "orders" in his Motion. First, Plaintiff "requests an order from this court ordering Duncklee to research and produce names of certified instructors that trained him in service of a capias and who taught him that a capias is an arrest warrant within the meaning of the Fourth Amendment." (Motion, at 1.) To support this request, Plaintiff claims that Duncklee acted in bad faith when he "stated [at his deposition that] he cannot recall names of his certified instructors or places where [written] test results are filed." (*Id.*)

Plaintiff has mischaracterized Duncklee's deposition testimony. Duncklee testified that during his time as a state marshal (and formerly a deputy sheriff) he received both classroom training and "on-the-job" training. (Deposition of Lester Duncklee ("Duncklee Depo."), at 8-

12.)[1]  Contrary to Plaintiff's assertion, Duncklee did not testify that he received formal classroom training or completed written tests that instructed him on the manner in which a capias was to be served. Rather, Duncklee testified that he received such instruction during his "on-the-job" training and that he "observed the process [of serving capiases] and was taught on each one how it was done, and why it was done." (*Id.*, at 11.) Accordingly, Duncklee cannot produce names of certified instructors because this was not a topic of formal training.

Second, Plaintiff persists with his request that Duncklee produce "copies of written tests he has testified to taking for the Capias Unit." (Motion, at 1-2.) Plaintiff ignores, however, that Duncklee testified that he took this test in the *last year* and he had not taken a similar test in the past five years. (Duncklee Depo., at 13.) Clearly, any tests Duncklee completed in the last year are irrelevant because they would not shed light on Duncklee's knowledge on September 30, 2002 (the date of the incident).

Duncklee did testify at his deposition that a copy of the written exam might be located at the State Marshal Commission. (*Id.*, at 13.) Based upon this testimony, Plaintiff subpoenaed documents from the State Marshal Commission on two different occasions. (*See* subpoenas to James E. Neil, attached hereto as Exhibit 1.) These requests sought essentially the same documents that Plaintiff asks for in his Motion. The Commission produced documents that were responsive to Plaintiff's subpoenas at the deposition of James Neil (director of operations for the Commission) on October 27, 2005. (*See, e.g.*, Response of State Marshal Commission, attached

---

[1]  Duncklee's deposition transcript is attached to both the Plaintiff and Duncklee's summary judgment papers.

hereto as Exhibit 2.) Therefore, it is astonishing that the Plaintiff seeks to travel down this path yet again.

Finally, even though discovery ended months ago, Plaintiff requests that Duncklee produce the names of individuals that "Duncklee served capiases in the same manner as he served on the plaintiff." (Motion, at 2.) First, this request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as the issue is the reasonableness of Duncklee's actions with respect to the Plaintiff. Allowing this discovery will lead the Plaintiff to conduct a series of "mini-trials," in which he will attempt to compare the circumstances of each of those incidents with the circumstances at issue here. Finally, even if Duncklee could remember the name of any individual served in this manner, the information sought, which would be related to a private civil matter, would implicate the privacy and confidentiality interests of the individuals in question. Given these concerns, Plaintiff should not be permitted to pursue this irrelevant wild goose chase. Plaintiff had ample opportunity to inquire into Duncklee's service history at Duncklee's deposition and chose not to do so. Given the lack of relevance of the information sought, Plaintiff's attempt to needlessly delay these proceedings should be rejected.

**WHEREFORE**, the defendant, Lester Duncklee, respectfully requests that this Court deny Plaintiff Steven Milner's Motion for Order.

**DEFENDANT,
LESTER DUNCKLEE**

By /s/ Jeffrey J. White
Rhonda J. Tobin (ct 07755)
rtobin@rc.com
Jeffrey J. White (ct 25781)
jwhite@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

- 5 -

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 30th day of March, 2006, to:

Mr. Steven Milner, pro se
40 Trolley Crossing
PO Box 25
Stonington, CT 06378

Scott M. Karsten
Karsten & Dorman, LLC
29 South Main Street, 2nd Floor South
West Hartford, CT 06107

_____
Jeffrey J. White