UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN MILNER | : 3:02CV1929 (SRU) |
| V. | : |
| LESTER DUNCKLEE, ET AL | : AUGUST 17, 2006 |

**BRIEF**

At hearing held on August 15, 2006, the court gave the parties permission to brief the issues raised in the court's oral proposed ruling prior to a written decision being filed by the court.

The plaintiff requests that this court reconsider it's proposed ruling for the reasons set forth below:

I. QUALIFIED IMMUNITY

The court proposes to grant summary judgment to the herein defendants based on qualified immunity that the law was not clearly established at the time of the violations in the plaintiff's amended complaint. Specifically, that the defendant's could not enter a private residence, absent consent or exigent circumstances, with only a civil capias. This court proposes to rule that the plaintiff's 4th Amendment rights were violated by the herein defendant's actions of illegal entry, but that the defendant are entitled to qualified immunity because the law was not clearly established at the time. The plaintiff disagrees.

The totality of the jurisprudence presented to this court in the plaintiff's pleadings, provides enough basis to defeat granting the defendant's qualified immunity. Rather than reciting each case, the plaintiff will list the laws and cases below.

1. The Constitutional 4th Amendment, ratified in 1797, was clearly established. Persons are protected in their homes and no warrants will issue except on probable cause supported by oath or affirmation. Clearly not the elements for obtaining a capias. As clearly established in <u>Ullmann v. State</u>, 230 Conn. 698 (1994), the capias is civil in nature, does not require probable cause, and is a discretionary judicial function. <u>DiPalma v. Wiesen</u>, 163 Conn. 293 (1972). A capias is not a warrant within the meaning of the 4th Amendment. Clearly established by the Connecticut Supreme Court prior to September 30, 2002.

2. <u>Harlow v. Fitzgerald</u>, 457 US 800, 818 (1982), stated; Government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory and constitutional **rights** of which a reasonable person would have known. Harlow does not mention clearly established law. The criteria is.... if a right has been violated, which this court correctly proposes has happened to the herein plaintiff. Granting of qualified immunity cannot stand.

3. <u>Welsh v. Wisconsin</u>, 466 US 740 (1984), a warrantless entry of home for civil offense was prohibited by the 4th amendment protection.

4. <u>Payton v. New York</u> 445 US 586, searches and seizures inside a home without a warrant are unreasonable.

5. <u>Pembauer v. Cincinnati</u>, 475 US 469, 488 (1986), the court found that forcible entry was not justified with a civil capias. Clearly established law prior to September 30, 2002.

6. <u>Steagald v. United States</u>, 451 US 204, 213 (1981), <u>Steagald</u> clarified <u>Pembauer</u> 4 years later, holding that forcible entry to Pembauer's clinic to serve a capias violated the 4th Amendment.

7. <u>Anderson v. Creighton</u>, 483 US 635, 641 (1987), "defendants are entitled to qualified immunity unless a reasonable officer would have known that the conduct at issue was unlawful under clearly established law." The herein defendants took oaths pursuant to CGS 1-25 to uphold the constitutional law. Police officer defendants testified at deposition that they were very familar with their rules and regulations and that they knew only 'sworn' officers of the department could serve arrest warrants. Duncklee could not have possessed an arrest warrant.(Peckham depo@22)(Schneider depo @16). All defendant's received training in arrests and service of capias. All of the cases cited by the plaintiff pertaining to illegally entry with a capias and the 4th Amendment were clearly established law on September 30, 2002.

8<u>. Fourette v. Griffin</u> 92 Conn. 388 (1918), and <u>Fitch v. Loveland</u>, 1 Kirby 380 (Conn.1788), established that outer doors cannot be broken to serve civil process or make civil arrests.

SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY CANNOT STAND

These officers admitted to being trained in arrest procedure, service of arrest warrants, and service of capiases. The Supreme Court caselaw and the 4th Amendment were clearly established rights and laws on September 30, 2002. These officers admit to nearly 40 years experience as police officers and a state marshal. These officers admitted under oath at depositions, that they receive continuing education regarding constitutional law, procedure, and recertification. Duncklee admitted to being a member of the state

'capias team'. These officers knew or should have known that there actions toward he plaintiff on September 30, 2002, violated his rights and therefore should not be afforded to be sheilded by qualified immunity.

This court ruled on September 15, 2003, that the defendant's could only raise the issue of qualified immunity at the summary judgment stage if the facts of the case changed through discovery, supported by affidavit (USDC trans.9/15/03 @ 35). The facts have not changed, and the defendant's have filed no affidavits. Therefore, summary judgment should be denied to the defendants.

II. PLAINTIFF'S 14TH AMENDMENT CLAIMS, DUE PROCESS, EQUAL PROTECTION
1. Cleburne v. Cleburne Living Center, 473 US 432 (1985), all persons should be treated alike under the 4th Equal Protection Clause.
2. Harlen Assoc. v. Village of Mineola, 273, F3d 494, 499 (2nd Cir. 2001).
3. Willowbrook v. Olech, 528 US 562 (2000).

Dismissal of the plaintiff's equal protection claims is premature at this stage. Plaintiff should be afforded the opportunity to present witnesses to prove that he was treated differently than others subjected to a capias. And that that action was with malice.

III. DISMISSAL OF CLAIMS IN DEFENDANT'S INDIVIDUAL CAPACITY

These defendants are liable for their unconstitutional actions as individuals. The plaintiff has sued them in this action in their official and individual capacities. The plaintiff has invoked 42 USC

1983 in his ammended complaint as such the official must have personal involvment in the constitutional violation. Unquestionably these defendants were personally involved in the violations claimed in the ammended complaint.

1. Kentucky v. Graham, 473 US 159, 160 (1985), official acting under state law in a manner that violates Federal Constitution, he comes before the court as an individual. The state has no power to impart any immunity from responsibility.

2. Hafer v. Melo, 112 US 358 (1991), State officials sued in their personal capacity come to court as individuals.

3. Scheuer v. Rhodes, 416 US 232, (1974), Personal liability suits on government officials for actions taken under color of state law.

IV. DISMISSAL OF PLAINTIFF'S STATE LAW CLAIMS

The court's dismissal of the plaintiff's state law claim of misrepresentation was incorrect. The court stated that the misrepresentation was directed to Ms. Cannon, therefore plaintiff's claim could not stand, when in actuality defendant Duncklee directly misrepresented to plaintiff Milner that he had an arrest warrant for him at the first instance Milner met Duncklee in the foyer area. (Ammended Complaint @4)(Cannon depo @ 67)(Duncklee depo @ 47)

The state law claim of misrepresentation should not be dismissed by this court. Additionally, if this court can exercise authority over the state law claim of misrepresentation, it has authority over the state law claim of trespass as well. The court has proposed to rule on the plaintiff's 4th Amendment claim in the plaintiff's favor giving jurisdiction over the plaintiff's state law claims.

1. <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 US 343, 350 (1988), <u>DiLaura v. Power Authority of New York</u>, 992 F2d 73, 80 (2nd Cir. 1992), stated that when all federal claims are eliminated prior to trial, a federal court should decline to exercise jurisdiction over any remaining state law claims.

In this courts proposed ruling, it has decided that the plaintiffs 4th Amendment right has been violated, a claim in his Amended Complaint. Having retained jurisdiction over that federal claim, this court should retain jurisdiction over the plaintiff's state law claims, due to the fact that all the federal law claims were not eliminated. To do so at this stage, puts the plaintiff in legal 'limbo', and justice is not served, due to the fact that the statute of limitations has run on the state law claims barring an action in state court for the violations of state law by the defendants.

CONCLUSION

For the reasons stated above, the plaintiff respectfully requests that this court reconsider its proposed ruling of August 15, 2006, to deny the defendants qualified immunity, deny the defendants summary judgment, grant the plaintiff summary judgment, retain jurisdiction over the plaintiff's state law claims, and retain jurisdiction over the plaintiff's 14th Amendment claims for an opportunity to prove his claims at trial.

THE PLAINTIFF

*[signature]*

STEVEN MILNER
PO BOX 25
STONINGTON, CT 06378
860-599-2930

CERTIFICATION

    I hereby certify that a copy of the foregoing was mailed on August 18, 2006 to the following:

Robinson and Cole, LLP
Rhonda Tobin
280 Trumbull St.
Hartford, CT 06103

*[signature]*

STEVEN MILNER

Karsten and Dorman
Scott Karsten
29 S. Main St.
W. Hartford, CT 06107